286 So.2d 140 (1973)
Juanita BATISTE, widow of Thomas DOMEC and as Administratrix of the Estates of her minor children, David Domec and Sonja Domec
v.
HIGHLANDS INSURANCE COMPANY and Boh Brothers, Inc.
No. 5772.
Court of Appeal of Louisiana, Fourth Circuit.
November 30, 1973.
*141 James F. Holmes, New Orleans, for appellants-defendants.
Eugene J. Gomes, Jr., New Orleans, for appellees-plaintiffs.
Before GULOTTA, J., and GAUDIN and ZACCARIA, JJ. Pro Tem.
H. CHARLES GAUDIN, Judge Pro Tem.
This is an appeal from a Judgment awarding partial workmen's compensation benefits to the surviving widow and two children of Thomas Domec, who was fatally injured during the course of his employment.
Defendants, Highlands Insurance Company and Boh Brothers, Inc., have appealed, asking that the awards be vacated. The widow and children answered the appeal, seeking an increase in the awards, plus statutory attorney fees and penalties.
At the time of his death in November, 1971, Domec was not living with his wife and minor children.
The Trial Court nonetheless determined that Domec's wife and children were partially dependent on him, and awarded the wife an amount equal to one-third of 58 percent of $49.00 for 500 weeks, and to each of the two children, David and Sonja Domec, the Court awarded one-third of 58 percent of $49.00 for 500 weeks.
The Trial Judge apparently based his decision on the testimony of several plaintiff witnesses, including Mrs. Domec, her brother-in-law and her mother. This testimony, while not overwhelming, does support the judgment, and we will not disturb it.
The applicable statute is LSA-R.S. 23:1231, which reads:
"If the employee leaves legal dependents only partially actually dependent upon his earnings, for support at the time of the accident and death the weekly compensation to be paid shall be equal to the same proportion of the weekly payments for the benefit of the persons wholly dependent as the amount contributed by the employee to such partial dependents *142 in the year prior to his death bears to the earnings of the deceased at the time of the accident."
Mrs. Domec was asked how often she saw her husband. "Maybe twice a week, maybe three times, sometimes once," she said. "If I didn't go and see him, he came and saw me."
Further, Mrs. Domec stated that her husband gave her from $140.00 to $160.00 per month, in cash. She kept no exact records, she added.
She was asked:
Q. When you got this money, what did you do with it, Mrs. Domec?
A. I used it for the doctor, the dentist, clothes, anything I needed for the children.
Mrs. Domec's brother-in-law, Harry Domec, and her mother, Mrs. L. J. Landry, substantiated Mrs. Domec's testimony about the closeness of the family, even though Domec lived at one place and his wife and children at another.
Defendants contend that Domec did not support his family.
In 1966 and again in 1968, Mrs. Domec went to the Juvenile Court in Orleans Parish and charged Domec with failure to support her and the children.
However, the statute under which the instant awards were made stresses financial support given "in the year prior to" the worker's death, and the Trial Judge properly down played the 1966 and 1968 nonsupport allegations, choosing instead to base his findings on Mrs. Domec's positive and uncontradicted testimony about the financial help tendered by Domec in the year immediately preceding his demise.
Defendants also point out that Mrs. Domec was receiving a welfare check of $88.00 each month at the time of Domec's fatal accident. If Domec had been supporting his family, defendants argue, then Mrs. Domec could havein fact, should havegotten off the welfare rolls.
The Trial Judge did not assign reasons, but we assume that he concluded, as we do, that Mrs. Domec received both the welfare check and from $140.00 to $160.00 monthly from Domec. Whether Mrs. Domec was in violation of any law is not at issue in this proceeding.
Mrs. Domec, it should be noted, was unemployed. She maintained a residence for herself and the children, and it reasonably follows that she couldn't have done this on only the $88.00 welfare check. True, she had at one time received $60.00 monthly from a Federally-sponsored programreferred to in the record as the W.I.N. programbut this support had been discontinued long before Domec's death.
We do not know precisely how the Trial Court calculated that one-third of 58 percent of $49.00 for 500 weeks was due the widow and each of the surviving children. We are not prepared to say, however, that these deductions were manifestly erroneous, there being sufficient testimony on which to base such findings.
Combined, the widow and children will receive $28.42 weekly.
The request for attorney fees and penalties was denied, the Judgment stating that "... defendants were not found to be arbitrary or capricious." We cannot find fault with this, considering the circumstances of Domec's domestic situation.
Accordingly, the Judgment of the Trial Court is affirmed, with Highlands Insurance Company and Boh Brothers, Inc., to bear the costs of this appeal.