439 So.2d 1249 (1983)
August LENNIX
v.
ST. CHARLES GRAIN ELEVATOR COMPANY and Ideal Mutual Insurance Company.
No. 83-CA-375.
Court of Appeal of Louisiana, Fifth Circuit.
October 12, 1983.
*1250 Robert T. Hughes, Richard J. Garrett, New Orleans, for plaintiff-appellee.
Adams & Reese, Alan Z. Zaunbrecher, New Orleans, for defendants-appellants.
Before BOUTALL, C.J., and GRISBAUM and DUFRESNE, JJ.
GRISBAUM, Judge.
This is a workmen's compensation case. St. Charles Grain Elevator Company and its insurer, Ideal Mutual Insurance Company, appeal from a judgment awarding claimant, August Lennix, 450 weeks of compensation benefits of 66 2/3 percent of his average weekly wages for a period not to exceed 450 weeks subject to a credit for any wages earned during that period, and medical payments of $10,571.83. Lennix appeals for attorney's fees, penalties and legal interest from the date of judicial demand. We amend and affirm.
The issues are as follows:
1) Whether an accident occurred during the course and scope of Lennix's employment with St. Charles Grain which caused him injury?
2) Whether Lennix was partially disabled [La.R.S. 23:1221(3)]?
3) Whether St. Charles Grain was arbitrary and capricious in its refusal to pay workmen's compensation benefits?
4) Whether Lennix is entitled to legal interest from the date of judicial demand?
Lennix, a 46 year old male laborer with an eighth grade education, alleges he was injured on March 9, 1981, while he was employed by St. Charles Grain. He claims he slipped and fell while carrying a 55 pound bag of "all purpose" material. He was alone at the time. Lennix had been *1251 injured while at work on several previous occasions. Before working for St. Charles Grain, Lennix had also injured his back in an automobile accident in 1966.
Addressing the initial issue of whether an accident occurred during the course and scope of Lennix's employment which caused him injury, we note Lennix testified at trial as to the accident on March 9, 1981. He immediately reported his injury to his foreman, Sam Cortoza, (who responded jokingly) and eventually notified the plant superintendent, Warren Duffy, who instructed him to see a doctor and bring a diagnosis back to him.
Shandrof Burks, a union steward and Lennix's co-worker, testified he learned of Lennix's injury through his investigation of Lennix's bad attendance record. He stated Lennix was asked to bring in doctors' reports of why he had missed so much work. He further stated Lennix brought the necessary doctor's proof to the plant superintendent, Warren Duffy. Joseph Cotton, also a co-worker, testified he knew of Lennix's injury some time after the accident.
During the week of this alleged accident, Lennix's work record shows he worked only 24 hours. It also shows he did no work at all during the weeks ending in April 5, April 19, April 26, and May 3. During the following two weeks he worked only 16 hours each week.
Moreover, the medical testimony reflects Lennix's medical treatment began on April 10, 1981 when he saw Dr. Arthur Axelrod, the company physician. He diagnosed Lennix's condition as arthritis of the spine and sent his diagnosis to the employer noting "degenerative disc disease lumbosacral junction, not industrial." He noted Lennix was unable to return to work and referred him to an orthopedist, Dr. William Pusateri. When Dr. Pusateri first saw him, Lennix complained of pain in his right illiac crest. On May 13, 1981, Dr. Pusateri diagnosed Lennix's injury as a lumbar strain. He saw Lennix several times in the summer and fall of 1981. In September of 1981, Dr. Pusateri referred Lennix to a urologist. When the urologist was unable to diagnose the problem, Dr. Pusateri recommended Lennix have a hospital work up. He was admitted on May 4, 1982. After other tests were performed, a myelogram was performed which was abnormal. Dr. Kenneth E. Vogel, a neurosurgeon, was then called in, and Dr. Pusateri turned the case over to him.
Due to the abnormalities of the myelogram, Dr. Vogel had a discogram performed which revealed the L4-5 disc was the origin of Lennix's pain. Dr. Vogel found a herniated lumbar disc. Upon Dr. Vogel's recommendation, Lennix underwent a percutaneous discectomy on May 17, 1982. As of October 1982, Dr. Vogel felt Lennix had reached maximum medical improvement and discharged him from his care. Dr. Vogel recommended light duty work until May 1983 and reevaluation at that time. He regarded Lennix as disabled (10 or 15 percent medical impairment) from the time he first saw him in May of 1982 until at least the time of Dr. Vogel's pre-trial deposition on November 30, 1982.
After reviewing the record including the deposition testimony of Dr. Pusateri, Dr. Axelrod, and Dr. Vogel, it appears "it is more probable than not" Lennix's back injury was the result of an accident which occurred on March 9, 1981. This court reaches this conclusion because the causal relationship may be inferred when there is proof of an accident and an ensuing disability without an intervening cause. West v. Bayou Vista Manor, Inc., 371 So.2d 1146, 1147 (La.1979). Claimant's uncontradicted testimony of the accident at work if plausible, consistent, and supported by corroborating circumstances is sufficient to constitute a preponderance of the evidence proving an accident. West, 371 So.2d 1146, 1147. As the trial court recognized in its reasons for judgment, the employer and its insurer failed to call witnesses which could have refuted Lennix's testimony of an accident. His claim of a work-related accident, therefore, is unrebutted. His claim is also supported by work records indicating his absence from work for many weeks following the accident as well as the medical *1252 treatment for his back injury which commenced thereafter.
Moreover, even if there were a pre-existing latent back disability, claimant is still entitled to worker's compensation benefits when a work accident aggravates or accelerates it, producing disability. West, 371 So.2d 1146, 1149; Johnson v. Travelers Insurance Co., 284 So.2d 888, 891 (La.1973). Dr. Vogel testified there is no way to know when a herniation had occurred, and Dr. Pusateri also testified there is no way to know what caused Lennix's back complaint. All the medical testimony indicates that a trauma is often the cause for this condition.
The court in Lucas v. Insurance Company of North America states:
"A claimant's disability is presumed to have resulted from an accident, if before the accident the injured person was in good health, but commencing with the accident the symptoms of a disabling condition appear and continuously manifest themself afterwards, providing that the medical evidence shows there to be a reasonable possibility of cause or connection between the accident and the disabling condition." Lucas v. Insurance Company of North America, 342 So.2d 591, 596 (La.1977).
Although Lennix had experienced previous injuries at work, there is no indication that he was not in good health at the time of the accident. His work records reflect he was consistent in his attendance in the year prior to his accident. Medical evidence and his work record indicate that after March 9, 1981 Lennix was out of work a considerable amount of time. He complained initially to Dr. Axelrod, the company doctor, that he had pain in his lower back and right hip. This pain persisted throughout the summer and fall as was noted by Dr. Pusateri. Finally, in the spring of 1982 the source of pain was diagnosed as a herniated disc. We, therefore, find Lennix did prove an accident occurred on March 9, 1981 resulting in his back injury.
The second issue is whether Lennix was partially disabled. A worker is partially disabled by an injury if he is unable to perform the duty in which he was customarily engaged when injured or duties of the same or similar character, nature, or description for which he was fitted by education, training or experience. See, La.R.S. 23:1221(3). The record reflects Lennix had worked for St. Charles Grain for almost ten years prior to his accident. His job usually involved his performing tasks which were heavy in nature. None of the treating physicians, from the time of the accident until the trial in late 1982, recommended Lennix return to full gainful employment. Additionally, Dr. Vogel stated Lennix had a ten to fifteen percent medical impairment. We, therefore, conclude the trial court was not clearly wrong in finding Lennix partially disabled.
The next question is whether St. Charles Grain was arbitrary, capricious, or without probable cause in not paying Lennix's compensation benefits thereby entitling Lennix to penalties and attorney's fees. The trial court did not award Lennix penalties and attorney's fees, nor did it address this issue in its reasons for judgment. The purpose of the penalty provision is to discourage attitudes of indifference to the injured employee's condition. Guillory v. U.S. Fidelity & Guaranty Insurance Company, 420 So.2d 119, 124 (La.1982). If the failure to pay compensation benefits is found to be arbitrary, capricious, or without probable cause, penalties and attorney's fees may be awarded. Guillory, supra; Patton v. Silvey Companies, 395 So.2d 722, 726 (La.1981).
Dr. Axelrod diagnosed Lennix's back condition as degenerative in nature and not industrial. The question of causality was a closely contested one. In light of the above facts, St. Charles Grain's denial of compensation benefits is not arbitrary and capricious. See, Hammond v. Fidelity & Casualty Co. of New York, 419 So.2d 829, 833 (La.1982).
The final issue is whether Lennix is entitled to legal interest from the date of judicial demand. La.C.C.P. art. 1921 reads "[t]he court shall award interest in the judgment as prayed for or as provided by *1253 law." (Emphasis added) The trial court did not award interest. Lennix's petition included a prayer for legal interest, and, therefore, legal interest should have been included in the trial court's judgment.
For the reasons discussed, the judgment of the trial court is amended to read as follows and, as amended, is affirmed:
It is ordered, adjudged and decreed there be judgment herein in favor of August Lennix, and against St. Charles Grain Elevator Co. and Ideal Mutual Insurance Company decreeing August Lennix to be partially disabled and awarding him judgment for worker's compensation benefits of 66 2/3 percent of his average weekly wages for a period not to exceed 450 weeks, subject to a credit for any wages earned during this period, together with legal interest thereon from the due date until paid so long as Lennix's disability continues not beyond a maximum of 450 weeks.
It is further ordered, adjudged and decreed there be judgment herein in favor of August Lennix and against St. Charles Grain Elevator Co. and Ideal Mutual Insurance Company for medical expenses of $10,571.83. Costs of this appeal are taxed against defendants, St. Charles Grain Elevator Co. and Ideal Mutual Insurance Company.
AMENDED AND AFFIRMED.