645 So.2d 248 (1994)
HUNT PLYWOOD, INC., Plaintiff-Appellant,
v.
ESTATE OF Dylon DAVIS, Defendant-Appellee.
Nos. 26,161-CA, 26,162-CA.
Court of Appeal of Louisiana, Second Circuit.
October 26, 1994.
Writ Denied January 27, 1995.
*249 Gold, Weems, Bruser, Sues & Rundell by Peggy D. St. John, Alexandria, for appellant.
Broussard, Bolton, Halcomb & Vizzier by Roy S. Halcomb, Jr., Alexandria, for appellee, Tracy Bowens.
Neblett, Beard & Arsenault by William Neblett, Alexandria, for appellee, Jerome Davis.
*250 Roy & Pucheu by W. Jay Luneau, Alexandria, for appellee, Sandra Nash-Jones.
Before HIGHTOWER and STEWART, JJ., and JONES, J. Pro Tem.
HIGHTOWER, Judge.
In these consolidated worker's compensation cases, the employer appeals a judgment declaring two illegitimate children partially dependent and awarding death benefits, together with penalties and attorney's fees. The minors' mothers answer, asserting several additional errors. We amend and affirm in part, and reverse in part.

FACTS
On November 28, 1991, Dylon Davis died in a work accident while employed with Hunt Plywood Company, Inc. Initial investigation by the employer's claims adjuster, F.A. Richard & Associates ("Richard"), disclosed two surviving parents, viz., Jerome Davis and Alysa Davis. Although the father indicated that the decedent had no dependents, further inquiry revealed that Dylon procreated two children, Quatoria Bowens and D'Andre Jones, each slightly over a year old at the time of the accident and born approximately two months apart. An investigator then interviewed one of the mothers in March and the other in May, determining that neither had been married to Dylon and that he extended them only limited support. Actually, he had never been married.
Confronted with demands from Dylon's parents, in addition to potential claims by both of the young mothers, the employer filed a petition with the Office of Worker's Compensation on September 18, 1992, seeking a declaratory judgment as to which of the competing claimants should receive the disbursements. Jerome Davis and the youngsters' mothers all reconvened, averring Hunt's refusal to make timely payments. Subsequent amendments on behalf of the minors challenged the constitutionality of the parental lump sum provisions of LSA-R.S. 23:1231 and attempted to reserve wrongful death claims should neither child be found dependent. Later, against any award in favor of Dylon's parents, Hunt sought reimbursement for its funeral expenditures exceeding the statutory maximum.
After trial, the administrative hearing officer found Quatoria and D'Andre to be partial dependents of Dylon, awarded $79.00 per month to each mother on behalf of the children, excluded the decedent's parents from any death benefits, and denied Hunt's reimbursement claim. Additionally, the adjudicator awarded $2,000 in penalties, to be divided equally among the three reconvening parties, and $2,500 in fees directly to each of their attorneys. Through motions for new trial, the mothers of the minors sought to amend the judgment to provide the sum of $79 per week, the statutory minimum, and to add legal interest to the awards. After denying the motions, the hearing officer granted the requested relief by issuing a "Supplemental and Amended Judgment." Hunt's suspensive appeal ensued and both mothers answered.

DISCUSSION

Dependency
Hunt maintains that the hearing officer erred in awarding, in favor of the two mothers, death benefits on behalf of the children. It first asserts that neither woman had been properly appointed as a tutor, and, next, that the finding of partial dependency constitutes manifest error. In answer, appellees contend that the youngsters should have been found "wholly" dependent upon their father.
We reject Hunt's first argument that neither mother is a "duly qualified" or "duly appointed" tutrix, as mentioned in LSA-R.S. 23:1234 and 23:1235. Such a complaint, actually embodying a dilatory exception of lack of procedural capacity, must be pled prior to an answer or judgment by default. LSA-C.C.P. Arts. 926, 928; Bordelon v. Safeway Ins. Co., 380 So.2d 1379 (La. App. 3d Cir.1980), writ denied, 384 So.2d 799 (La.1980). Our law, by demanding an early filing of such objections, affords the opposing party an opportunity to correct the procedural deficiency during initial stages of the proceedings. See, e.g., Cacibauda v. Gaiennie, 305 So.2d 572 (La.1974), where a mother mooted such an exception by qualifying as a *251 natural tutrix under LSA-C.C.P. Art. 4061. In the present matter, with appellant having raised this issue for the first time on appeal, we find it improperly before us and accordingly waived.
As indicated, Hunt also complains that the hearing officer erred in finding both minors partially dependent upon their father, while the two mothers argue that each child should have been found totally dependent. Neither position, however, is meritorious.
In that the children did not live with their father at the time of his death and thus do not benefit from the conclusive presumption of dependency established by LSA-R.S. 23:1251, it is their burden to prove actual dependency. Lumberman's Underwriting Alliance v. Teague, 521 So.2d 820 (La.App.2d Cir.1988). Actual dependency shall be determined in accordance with the factual circumstances existing at the time of the accident and death. LSA-R.S. 23:1252; Hurks v. Bossier, 367 So.2d 309 (La.1979). However, a showing of actual dependency does not require proof that the claimant would have lacked the necessities of life without decedent's contributions, but only that the claimant relied upon the received monetary allowance to maintain his or her accustomed standard of living. Hurks, supra; Winn v. Thompson-Hayward Chem. Co., 522 So.2d 137 (La.App.2d Cir.1988); Ford v. Plain Dealing Charcoal Co., Inc., 457 So.2d 130 (La.App.2d Cir.1984).
After actual dependency has been shown, the question becomes whether the claimant totally or partially relied upon the decedent's assistance. Moore v. Millers Mut. Fire Ins. Co. of Texas, 406 So.2d 708 (La.App.2d Cir.1981), writ denied, 410 So.2d 1132 (La.1982). Total dependency exists where an individual relies, for support, entirely upon contributions from the deceased employee. However, where that aid is only one of several sources from which the claimant derives support, the dependency will be classified as only partial. Id.; Malone and Johnson, 14 Louisiana Civil Law TreatiseWorker's Compensation Law and Practice § 310 (2d ed. 1980).
Dependency, of course, is a question of fact. Lumberman's, supra. Thus, the hearing officer's findings should not be disturbed on appeal absent manifest error or clear wrongness, even where a conflict in the evidence exists. Bruno v. Harbert Int'l, Inc., 593 So.2d 357 (La.1992); Manson v. City of Shreveport, 577 So.2d 1167 (La.App.2d Cir. 1991), writ denied, 580 So.2d 928 (La.1991); Lumberman's, supra.
Testimony from the two mothers, as well as friends and relatives, reveals a similar pattern of support by Dylon with regard to each infant. It is disclosed that he formally acknowledged Quatoria, in addition to visiting with the child and keeping her overnight several times monthly. The mother, Tracy Bowens, and several other witnesses stated that on a weekly basis the decedent bought diapers, medicine, and other items for his daughter. He regularly gave cash to Bowens to assist with purchases for the child. The hearing officer determined that his contributions totaled an estimated $200 per month. Nevertheless, Quatoria also benefited from food stamps, Medicaid, money from her grandparents, social security, and other payments received by her two older siblings.
In August 1991, a consent judgment directed Dylon to pay $125 per month to the Louisiana Department of Social Services, commencing on September 15, 1991, for the support of Quatoria. In brief, Hunt emphasizes that the father never complied with that decree. His usual contributions continued, however, according to the mother, who did not report this aid to the welfare agency in order that the infant could remain Medicaid qualified. While not condoning such misrepresentations, we comprehend the hearing officer's apparent acceptance of Bowens's explanation.
Testimony by Sandra Nash-Jones, the mother of the other child, revealed similarly limited support. Dylon, on his own, purchased and delivered certain items to her and, upon request, would provide money for specific acquisitions. He apparently visited his son almost daily, and the hearing officer approximated his financial aid at $150 per month. Still, D'Andre received far greater assistance from other sources, including *252 monthly AFDC payments, food stamps, allowances from his grandmother, and the fact that his mother lived in her parents' home without paying rent except during a short period.
Hunt correctly observes that its employee failed to declare the children as dependents on his income tax and health insurance forms, and that the testimony of Jerome Davis reflected a total unawareness that his son had any children. Even so, the documents in question had been completed prior to the two births. Further, the record does not clearly establish a close relationship between Dylon and his father. After his parents divorced some twenty years earlier, the young man lived with Jerome Davis while attending college prior to August 1989. Thereafter, they visited about every other month and engaged in occasional telephone conversations.
Appellant also asserts that, when the two mothers initially gave statements to the investigator, they both disclosed that they did not actually depend on Dylon for contributions. While it is true that Bowens's out-of-court revelations indicated no "support" had been "started" by the father, she later testified that she misunderstood the pertinent question to concern only compliance with the consent decree. Similarly, Nash-Jones responded with a negative answer to the investigator's query, "You never depended upon [the father] to support your child?" Otherwise, however, our review shows her interview to be generally consistent with her subsequent testimony. Moreover, courts have long viewed the impeaching effect of such prior denials of dependency as considerably less than conclusive. See generally Malone and Johnson, supra, at § 309.
Thus, despite several conflicts in the evidence, we cannot conclude that the hearing officer manifestly erred in declaring the two children to be partial dependents of Dylon Davis.

Excluded Statement
In another assignment, Hunt complains that the hearing officer excluded the transcription of Bowens's recorded statement to the investigator.[1]
Importantly, Hunt never sought to introduce the actual recording of Bowens's interview, which possibly would have constituted non-hearsay admissions of a party. See LSA-C.E. Art. 801(D)(2)(a). Instead, the employer presented the transcript, which posed a "double-hearsay" problem. Cf. LSA-C.E. Art. 805.
Appellant argues that the proffered document, prepared by the claims adjusting firm, should have been admitted under the business records exception to the hearsay rule. See LSA-C.E. Art. 803(6); Cole Oil & Tire Co., Inc. v. Davis, 567 So.2d 122 (La.App.2d Cir.1990). However, even if we accepted this dubious proposition, our review discloses that a reversal would not be warranted. Bowens acknowledged, and then explained, her statement concerning the father's failure to "start" support. The rest of the proffered document is essentially repetitious of other testimony. Hence, we do not find the error, if any, to be crucial.

Penalties and Attorney's Fees
Hunt next asserts that the hearing officer erred in awarding penalties to Jerome Davis, Bowens, and Nash-Jones, and attorney's fees to their three lawyers. We agree.
Statutory penalties are not allowed when a compensation claim has been reasonably controverted, that is, where the employer has a reasonable basis for believing the claimant is not entitled to benefits. LSA-R.S. 23:1201(E); Terro v. WMCO, Inc., 619 So.2d 639 (La.App. 3d Cir.1993). A claimant is entitled to attorney's fees only if the failure to pay benefits is arbitrary, capricious, or without probable cause. LSA-R.S. 23:1201.2. Whether penalties and attorney's fees should be awarded depends primarily on the facts known to the employer or insurer at the time of its action. Johnson v. Fidelity & *253 Casualty Ins. Co. of N.Y., 618 So.2d 651 (La.App.2d Cir.1993). Furthermore, such provisions are penal in nature and must be narrowly construed. Lewis v. Alloy Casting of La., Inc., 465 So.2d 847 (La.App.2d Cir. 1985).
After finding Jerome Davis not entitled to compensation benefits, the hearing officer had no basis for granting him penalties and attorney's fees. Neither LSA-R.S. 23:1201(E) nor 23:1201.2 countenance such an award for the unsuccessful prosecution of a cause. Guillory v. State, 486 So.2d 1195 (La.App. 3d Cir.1986).
The hearing officer also erred in awarding penalties and attorney's fees to the two prevailing parties. Shortly after the accident, Jerome Davis made the initial claim for death benefits. Despite the father's subsequent affidavit that his son had no legal dependents and employment records that supported that position, the adjuster eventually became aware of the rumored existence of the children. Interviews with the two mothers, however, failed to disclose that either minor relied upon the decedent for support. Thereafter, neither of the young women presented any claim for benefits until Bowens's attorney contacted Richard with more information at the end of August 1992, apparently asserting a contention of total dependency. Only two weeks later, Hunt instituted the declaratory judgment proceedings, an action which finally prompted a demand by Nash-Jones.
The resolution of death benefits involving multiple claimants, and determinations as to whether persons are wholly or partially dependent, present complex issues of fact and law. See Cupp v. Liberty Mut. Ins. Co., 428 So.2d 1259 (La.App. 3d Cir.1983). With the decedent's surviving parents and out-of-wedlock children advancing mutually exclusive claims, Hunt, unaided by any adjudication, faced the prospect of paying the wrong party and then later having to satisfy others, without recoupment of any sums already disbursed. Cf. Aetna Casualty and Sur. Co. v. Landry, 578 So.2d 537 (La.App. 3d Cir.1991). Under these circumstances, an employer should not be penalized for seeking a declaratory judgment, particularly where the involved multiple claimants bear the burden of proof in establishing dependency. Landry v. Cent. Indus., Inc., 592 So.2d 478 (La.App.3d Cir.1991), writ denied, 593 So.2d 381 (La. 1991); Dearmon v. Louisiana Pacific Corp., 465 So.2d 144 (La.App. 3d Cir.1985), writ denied, 467 So.2d 1136 (La.1985).
Accordingly, finding that the imposition of penalties and attorney's fees is not warranted, we reverse that portion of the judgment as manifestly erroneous. Cf. Domec v. Highlands Ins. Co., 286 So.2d 140 (La.App. 4th Cir.1973); American Motorists Ins. Co. v. Wilson, 256 So.2d 813 (La.App. 4th Cir.1972), writ refused, 260 La. 1201, 258 So.2d 551 (1972).

Benefits and Legal Interest
Appellant and appellees present several assignments of error concerning the benefits and legal interest awarded in the original and supplemental judgments.
Hunt asserts that the hearing officer lacked authority to issue a supplemental judgment granting legal interest and correcting the award for each child to $79 per week. Indeed, appellees correctly acknowledge that these changes constituted substantive amendments to a final judgment, an impermissible procedure under LSA-C.C.P. Art. 1951. See Riddle v. Simmons, 626 So.2d 811 (La.App.2d Cir.1993), writ denied, 93-2920 (La. 4/29/94), 637 So.2d 459; Stevenson v. State Farm, 624 So.2d 28 (La.App.2d Cir. 1993). The supplemental judgment is thus void as a matter of law and accordingly vacated. The proper vehicle for achieving such material modifications is a timely application for new trial or a timely appeal. Id.
Having been denied a new trial below, appellees now urge by answer that the original judgment is incorrect in awarding $79 per month and in making no provisions for legal interest.[2] They argue, and we concur, *254 that the minimum statutory benefit of $79 per week should have been granted. See LSA-R.S. 23:1231 and 23:1202(A)(2).[3] It is contended by Hunt that, rather than awarding this sum to each child, the amount should be divided between them. That proposition is based upon language in LSA-R.S. 23:1232, providing that payments to dependents "shall be computed and divided among them," and the pronouncement in LSA-R.S. 23:1253 that:
If there is ... more than one person partially dependant, so much of the death benefit as each is entitled to shall be divided among them according to the relative extent of their dependency.
This court in Flanagan v. AL & W Moore Trucking Contractors, 100 So.2d 289 (La. App.2d Cir.1958), writ denied, and the third circuit in Freeman v. New Amsterdam Casualty Co., 199 So.2d 356 (La.App. 3d Cir.1967), rejected this same argument. These decisions resolved that the minimum compensation rate, if controlling, applies to each dependent individually, provided the total allowed several dependents in one class does not exceed the maximum weekly rate. Although enunciated when the law provided lower minimum rates, these holdings continue to be consistent with the intent and purpose of the compensation statute. Hence, while recognizing that LSA-R.S. 23:1231 would afford far less to these two partial dependents, we amend the original judgment to award each child the sum of $79 per week, accruing from the date of Dylon's death.
Anent their next contention, with both appellees having so requested in their reconventional demands, legal interest should have been included in the award. LSA-C.C.P. Art. 1921; Lennix v. St. Charles Grain Elevator Co., 439 So.2d 1249 (La.App. 5th Cir.1983). We therefore amend the judgment to grant legal interest on all death benefits from the date each payment became due. Bordelon v. Vulcan Materials Co., 472 So.2d 5 (La.1985); Hall v. McDonald Insulation, 537 So.2d 328 (La.App. 1st Cir.1988).

Funeral Expenses
In a final assignment, Hunt correctly complains that the hearing officer went beyond the pleadings by expressly disallowing the claim for reimbursement of overpaid funeral expenses.
A judgment rendered beyond the pleadings is a nullity. Ussery v. Ussery, 583 So.2d 838 (La.App.2d Cir.1991). Hunt demanded reimbursement from Jerome and Alysa Davis only if the parents received death benefits. Appellant never sought recovery, nor did such a right exist, against the two children. Cf. Hull v. Liberty Mut. Ins. Co., 236 So.2d 847 (La.App. 1st Cir.1970), writ refused, 256 La. 862, 239 So.2d 361 (1970). Clearly then, after denying the parental claims, the adjudicator ventured beyond her authority by addressing a mooted issue. We therefore vacate that portion of the original decree denying the claim for reimbursement.

Other Assignments of Error
Appellees' answers set forth various "protective" assignments of error, including constitutional challenges to portions of the workers' compensation statutes. These, however, pose issues not reached in the administrative proceedings below and mooted by our previous determinations.

CONCLUSION
For the reasons assigned, we vacate the hearing officer's supplemental judgment, but amend the original judgment to award each child death benefits of $79 per week, grant *255 legal interest on each payment from the date due, and delete the funeral expenses decree. Further, we reverse with regard to penalties and attorney's fees, such demands now being rejected. In all other respects, the original adjudication is affirmed. Costs of appeal are assessed three-fourths to Hunt and one-fourth equally among appellees.
JUDGMENT AMENDED AND AFFIRMED IN PART; REVERSED IN PART; SUPPLEMENTAL JUDGMENT VACATED.
NOTES
[1] The hearing officer admitted a transcription of Nash-Jones's statement, after the surrounding circumstances of her investigatory interview had been satisfactorily set forth. Also, without objection, Bowens testified about the previously-mentioned portion of her recorded statement.
[2] These contentions are properly before us, notwithstanding appellant's argument that appellees' answers (filed several months prior to the lodging date) have not been presented timely. LSA-C.C.P. Art. 2133 requires that an answer be filed "no later than fifteen days after the return date or the lodging of the record whichever is later." Relying upon a statement in Deutsch, Kerrigan & Stiles v. Rault, 389 So.2d 1373 (La. App. 4th Cir.1980), writ denied, 396 So.2d 883 (La.1981), that this period "commences" after the entire record is lodged, Hunt apparently concludes that an answer cannot be instituted earlier. We disagree; the statute is designed simply to establish the latest permissible point in time for an answer.
[3] The average weekly wage for the period between September 1, 1991 and August 31, 1992 is reflected as $393.08. 17 La.Reg. 839 (1991). By computing twenty percent of that figure to the nearest dollar, the minimum compensation rate is fixed at $79.