717 So.2d 291 (1998)
Pamela GREGORY, Plaintiff-Appellee,
v.
INTERIM PERSONNEL OF NORTH LOUISIANA, Defendant-Appellant.
No. 30808-WCA.
Court of Appeal of Louisiana, Second Circuit.
August 25, 1998.
Opinion Denying Rehearing September 17, 1998.
*292 Patricia Barfield, Baton Rouge, for Defendant-Appellant.
Daniel Street, Monroe, for Plaintiff-Appellee.
Before HIGHTOWER, WILLIAMS and PEATROSS, JJ.
WILLIAMS, Judge.
The defendant, Interim Healthcare of North La., Inc. (Interim),[1] and its insurer, Louisiana Workers' Compensation Corporation, appeal from a decision of the workers' compensation judge (WCJ) rendered in favor of the claimant, Pamela Gregory. The WCJ ordered defendant to pay legal interest on the weekly compensation payments and medical expenses which had been awarded to the claimant in a previous decision. For the following reasons, we vacate and remand.

FACTS
In May 1995, the claimant, who is a registered nurse, was employed as an assistant *293 director of nurses with Interim. While in the course and scope of her employment, the claimant was injured in an automobile accident. The defendant disputed the fact that claimant was injured in a work related accident and in February 1996, she filed a claim for benefits with the Office of Workers' Compensation.
After a hearing, the WCJ found that claimant was entitled to receive weekly workers' compensation benefits of $323 from November 21, 1995 through January 11, 1996, and reimbursement of medical expenses paid on her behalf. The WCJ's decision also ordered Interim to pay any outstanding medical expenses related to claimant's work injury and to provide necessary medical treatment for the injuries she received in the accident. Although in her trial brief, claimant had requested legal interest on past due payments from their due date and on medical expenses from the date of judicial demand, the decision did not award interest on either the compensation benefits or the medical expenses. Neither party appealed this decision.
On June 23, 1997, claimant filed a "Motion to Fix Amount of Judgment and to Provide for Enforcement of Same." The claimant alleged that Interim had not reimbursed her for medical expenses and requested legal interest on the awards for weekly compensation benefits and medical expenses. The parties later reached agreement regarding the amount of medical expenses and proceeded with the issue of legal interest. After hearing argument by counsel, the WCJ issued a decision awarding the claimant legal interest on the weekly workers' compensation payments from the date due until paid, and on the medical expenses from the date of judicial demand. Interim appeals the amended decision.

DISCUSSION
Interim contends that the workers' compensation judge erred in awarding legal interest on the weekly compensation benefits and medical expenses which were previously awarded to the claimant. Interim argues that the claimant is not entitled to receive legal interest because she failed to seek an appeal to amend the prior final decision, which was silent as to interest.
Any compensation awarded and all payments thereof directed to be made by order of the workers' compensation judge shall bear judicial interest. LSA-R.S. 23:1201.3. The decision of the workers' compensation judge shall be final unless an appeal is made to the appropriate circuit court of appeal. LSA-R.S. 23:1310.5.
Citing Bamberg v. City of Shreveport, 26,278 (La.App.2d Cir.12/7/94), 647 So.2d 1207, and Finwall v. Union Oil Company of California, 551 So.2d 674 (La.App. 1st Cir.1989), Interim argues that the silence of the original decision concerning legal interest constitutes a denial of such interest. Although the courts in Bamberg and Finwall stated that a judgment's silence on an issue or demand raised by the pleadings is considered a rejection thereof, this general rule is not applicable in the present situation, which involves interest mandated by statute.
As previously noted, the language of R.S. 23:1201.3(A) provides that any compensation awarded "shall" bear judicial interest. Thus, an award of legal interest is not discretionary with the workers' compensation judge, since the interest attaches automatically until the judgment is satisfied, whether prayed for in the petition or mentioned in the judgment. Kortz v. Colt Energy Services, Inc., 97-159 (La.App. 5th Cir. 7/29/97), 698 So.2d 460; Crooks v. Town of Ball, 94-466 (La.App. 3rd Cir. 11/2/94), 649 So.2d 597. Therefore, the silence of the WCJ's decision cannot be interpreted as a rejection of an award of interest. The claimant was statutorily entitled to legal interest, which was incorrectly omitted from the original decision.
In its brief, Interim argues that legal interest awarded in accordance with R.S. 23:1201.3 should have been calculated from the date of the original decision ordering the payment of benefits. Interim relies on the prior language of Section 1201.3, which provided that compensation awarded shall bear judicial interest "from the date ordered paid" by the WCJ until satisfied.
*294 However, this court has previously found that in workers' compensation cases, legal interest is calculated from the date each payment became due until paid. Hunt Plywood, Inc. v. Estate of Davis, 26,162 (La.App. 2d Cir.10/26/94), 645 So.2d 248. Recently, the third circuit also interpreted Section 1201.3(A) to mean that legal interest on compensation awards runs from the date benefits were due until paid. McLaughlin v. Hill City Oil Company, 97-577 (La.App. 3rd Cir. 10/8/97), 702 So.2d 786. This approach was validated in the recent amendment of R.S. 23:1201.3(A), which now states that any compensation awarded "shall bear judicial interest from the date compensation was due until the date of satisfaction."[2] Interim's argument lacks merit.
The record shows that the claimant failed to appeal the WCJ's original decision, which became final pursuant to R.S. 23:1310.5. Subsequently, upon the claimant's motion to enforce the judgment, the WCJ issued an amended decision granting legal interest on the weekly compensation payments and medical expenses which were awarded in the original decision. LSA-C.C.P. art.1951 provides that a final judgment is not subject to substantive amendment on the motion of a party. In such situations, the proper recourse is a timely appeal. Stevenson v. State Farm, 624 So.2d 28 (La.App. 2d Cir.1993). The WCJ's second decision providing for legal interest directly affected the rights of the parties and thus constitutes a substantive amendment to a final decision, in violation of Article 1951. See Hunt Plywood, supra; Stevenson v. State Farm, supra.
Consequently, the amended decision is void as a matter of law and must be vacated. The original WCJ's decision, which incorrectly omitted legal interest, is reinstated. We are unable to correct that decision because the claimant failed to file an appeal. LSA-C.C.P. arts.2082, 2083. In her brief, the claimant cites several cases in support of her contention that she was not required to appeal the WCJ's original decision because under R.S. 23:1201.3, legal interest attached automatically to the judgment. However, we note that each of the cited cases involved an appeal of the original judgment or an application for rehearing in the appellate court, and thus cannot support the position that claimant was not required to file an appeal in order to modify the WCJ's original decision. The claimant's argument lacks merit.

CONCLUSION
For the foregoing reasons, the workers' compensation judge's amended decision is vacated and set aside. The original decision is reinstated. Costs of this appeal are assessed to the defendants, Interim Healthcare of North La., Inc., and the Louisiana Workers' Compensation Corporation. LSA-R.S. 23:1310.5.
VACATED AND REMANDED.
Before NORRIS, HIGHTOWER, WILLIAMS, GASKINS and PEATROSS, JJ.

ON REHEARING
PER CURIAM.
On rehearing, claimant asserts that this court's opinion must be interpreted so as to entitle her to an award of legal interest under the reinstated WCJ's decision. We disagree.
In this court's original opinion, we stated that although the WCJ's decision omitted legal interest, the decision could not be substantively amended because the claimant failed to file an appeal. LSA-C.C.P. arts. 2082, 2083. This language cannot reasonably be interpreted as a finding that claimant is entitled to an award of legal interest based upon the reinstated WCJ's decision.
If a decision awarding compensation benefits is silent regarding legal interest, a *295 claimant must seek a modification of judgment or an appeal in order to amend the decision and enforce his right to obtain such interest. Here, the claimant failed to timely file an appeal of the original WCJ's decision omitting legal interest. Therefore, the claimant is not entitled to an award of legal interest upon reinstatement of that decision.
The rehearing is denied.
NOTES
[1] The case caption on appeal incorrectly identifies the defendant as Interim Personnel of North Louisiana.
[2] Amended by Acts 1997, No. 52, effective on August 15, 1997.