1 .GUIDRY, J.
In this workers’ compensation case, appellant, Calvin Matthews, appeals the workers’ compensation judge’s (“WCJ”) refusal to award penalties' and attorney’s fees and legal interest. We amend and, as amended, affirm.
FACTS AND PROCEDURAL HISTORY
In November, 1997, appellant was employed by VIP International, Inc. (“VIP”) as a “part time support” employee.[1] On November 5, 1997, while on an out-of-town job in Virginia, appellant received an on-the-job injury when a tube, containing a rock-like catalyst material, struck him on the head and - back, knocking him down. After he was injured, appellant saw a doctor in Virginia. Shortly thereafter, appellant flew back to Louisiana. Upon his return home to Clinton, Louisiana, appellant sought treatment from Dr. Richard Rathbone, appellant’s choice of treating physician.
Dr. Rathbone authorized appellant to return to work on “light duty” status. However, on or about November 12, 1997, appellant was terminated by Darwin Pass-man. According to Mr. Passman, appellant Was terminated for willful misconduct, refusing suitable light duty work, and refusing to report to work or to call to *1154 explain why he was not showing up for work.
In early 1998, appellant was reinstated with VIP. However, he was terminated again on March 11, 1998, by Barry T. Odom for “refusing] suitable work and insubordination.” According to Mr. Odom, VIP received a certificate from Dr. Rath-borne releasing appellant to return to work on February 16, 1998, with no restrictions indicated. Nevertheless, appellant ^testified that he gave his employer a copy of his February 12, 1998 “Patient Tracking Record,” which indicated that his return-to-work status was “medium work.”
On April 1, 1998, in response to complaints from appellant that he was unable to lift fifty pounds, Dr. Rathbone changed appellant’s work status to “light.” Appellant saw Dr. Rathbone again on April 15, 1998. On that date, appellant’s status was changed to “totally incapacitated.”
On May 18, 1998, appellant filed a disputed claim for compensation against VIP and Louisiana Workers’ Compensation Corporation (“LWCC”), VIP’s workers’ compensation carrier (VIP and LWCC referred to collectively as “appellees”). Appellant alleged a dispute based on the following: (1) the failure of appellees to send him copies of requested medical records, (2) the failure of VIP to provide him with light duty work, and (3) his entitlement to either supplemental earnings benefits. or temporary total disability benefits and penalties and attorney’s fees for appellees’ failure to provide him with requested medical records and weekly compensation benefits.
Atrial on the merits was held on February’ 8;. 1999, and judgment in fayor ' of appellant was rendered in open court. A written judgment was signed on February 11, 1999, and provided, in pertinent part:
IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Calvin Mafthews received a $25.00 a day per diem in addition to his hourly wage .from VIP International, which was not included in the calculation of his average weekly wage. Including the $25.00 a day per diem into the calculation of the average weekly wage, warrants the payment of the maximum compensation rate of $350.00 per week. Mr. Matthews is entitled to a $15.12 adjustment per week on indemnity benefits already paid.
IT IS HEREBY ORDERED, ADJUDGED AND DECREED, that Calvin Matthews, is entitled to temporary total disability benefits at the rate of $350.00 per week for the period April 15, 1998 through September 1,1998.
LIT IS HEREBY ORDERED, ADJUDGED AND DECREED, that Calvin Matthews!’] claim for penalties for the alleged failure of VIP International and Louisiana Workers’ Compensation Corporation to obtain medical records and provide them to Mr. Matthews is denied.
IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the actions of VIP International and Louisiana Workers’ Compensation Corporation were not arbitrary and capricious and that there was probable cause to dispute the claim. The claim for penalties and attorney fees is denied.
ASSIGNMENTS OF ERROR
Appellant has devolutively appealed from the judgment. On appeal, he asserts that the WCJ erroneously failed to award penalties and attorney’s fees for appellees’ failure to correctly calculate appellant’s compensation rate, for appellees’ failure to pay weekly benefits after April 15, 1998, and for appellees’ failure to timely provide appellant with the medical records of the treating physician chosen by appellees. Appellant also asserts that the WCJ erroneously failed to award legal interest on the judgment.
DISCUSSION

Penalties and Attorney’s Fees

Appellant argues that he is entitled to penalties and attorney’s fees pursuant *1155 to La. R.S. 23:1125[2] for the failure of VIP to timely provide him with a written report of the medical examination of appellant by a doctor in Virginia. Additionally, appellant asserts his entitlement to penalties and | ^attorney’s fees pursuant to La. R.S. 23:1201[3] and La. R.S. 23:1201.2[4] for the improper calculation of the amount of payment and the discontinuance of payment of compensation.
 A workers’ compensation judge’s determination as to penalties and attorney fees is ultimately one of fact and his finding should not be disturbed on appeal absent manifest error. Bergeron v. Watkins, 98-0717, p. 4 (La.App. 1st Cir.3/2/99), 731 So.2d 399, 402; Kennedy v. Johnny F. Smith Trucking, 94-0618, p. 8 (La.App. 1st Cir.3/3/95), 652 So.2d 526, 531. Specifically, whether the refusal to pay or the discontinuation of benefits warrants the imposition of penalties and attorney’s fees is a factual question which will not be disturbed upon review in the absence of manifest error or unless clearly wrong. Antrainer v. Great Atlantic & Pacific Tea Co., 97-1554, p. 6 (La.App. 1st Cir.4/8/98), 712 So.2d 590, 594.
hWe have reviewed the entire record in this case. We find that the WCJ was faced with conflicting evidence and chose to give more credibility to the evidence supporting appellees’ version of the facts than to the version presented by appellant. In applying the manifest error standard of review, the appellate court must determine not whether the trier of fact was right or wrong, but whether the factfinder’s conclusion was a reasonable one. Where there are two permissible views of the evidence, a factfinder’s choice between them can never be manifestly er *1156 roneous or clearly wrong. Stobart v. State Through DOTD, 617 So.2d 880, 883 (La.1993). Thus, if the factfinder’s findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840, p. 8 (La.7/1/97), 696 So.2d 551, 556 (quoting Sistler v. Liberty Mutual Insurance Company, 558 So.2d 1106, 1112 (La.1990)).
In the instant case, although we may have weighed the evidence differently, we conclude the WCJ was presented with more than one permissible view regarding appellant’s entitlement to penalties and attorney fees. Therefore, the WCJ’s factual findings regarding this matter were not manifestly erroneous.

Legal Interest

 La. R.S. 23:1201.3(A) provides, in pertinent part: “[a]ny compensation awarded and all payments thereof directed to be made by order of the workers’ compensation judge shall bear judicial interest from the date compensation was due until the date of satisfaction. • The interest rate shall be fixed at the rate in effect on the date the claim for benefits was filed with the office of workers’ compensation administration.” Because La. R.S. |723:1201.3 uses mandatory language, an award of legal interest is not discretionary with the WCJ. Kortz v. Colt Energy Services, Inc., 97-159, p. 16 (La.App. 5th Cir.7/29/97), 698 So.2d 460, 468. The interest attaches automatically until the judgment is satisfied, whether prayed for in the petition or mentioned in the judgment. Crooks v. Town of Ball, 94-466, p. 6 (La.App. 3rd Cir.11/2/94), 649 So.2d 597, 600. Therefore, the silence of the WCJ’s decision cannot be interpreted as a rejection of an award of interest. Gregory v. Interim Personnel of North Louisiana, 30-808, p. 3 (La.App.2d Cir.8/25/98), 717 So.2d 291, 293. Appellant was statutorily entitled to legal interest, which was incorrectly omitted from the judgment.
In workers’ compensation cases, legal interest is calculated from the date each payment became due until paid. Gregory, 30-808 at 3, 717 So.2d at 294; see also Kirn v. East Jefferson Hospital, 96-0838, p. 12 (La.App. 1st Cir.2/14/97), 691 So.2d 127, 134. We, therefore, amend the judgment to grant legal interest on all unpaid benefits from the date such benefits were due until the judgment is satisfied.
CONCLUSION
For the foregoing reasons, the judgment of the WCJ is amended to include an award of legal interest on all benefits to which appellant is entitled from the date such benefits were due until satisfied. In all other respects, the judgment is affirmed. Costs of this appeal are assessed to appellees.
AMENDED AND, AS AMENDED, AFFIRMED.

. According to Darwin Passman, personnel manager for VIP, the classification of an employee as "part time” does not relate to the number of hours the employee works each week. Instead, it is the classification VIP gives to employees during the ninety-day probationary period. However, after an employee meets all the requirements necessary for long-term employment, i.e., becomes D.O.T. certified and reaches age twenty-one; the employee may be classified as "full-time.”

. Prior to the 1999 amendment, La. R.S. 23:1125 provided as follows:
Whenever an employee, whether injured or not, shall at the request of the employer submit to any type of medical examination and a medical report is received by said employer, such employee, or his representatives, shall be entitled to a copy of the written report of the results of said examination within thirty days from the date of written demand upon the employer for such report. Such written report shall be furnished to said employee, or his representatives at no cost to the employee and shall be in writing and signed by the professional medical or paramedical examiner performing such examination. Any employer who without just cause fails to furnish such report to an employee so requesting same within the thirty-day period provided above shall be liable to the employee for a civil penalty in the amount of $250.00, plus a reasonable attorney’s fee for the collection of such penalty.

. La. R.S. 23:1201(F) provides, in pertinent part:
Failure to provide payment in accordance with this Section shall result in the assessment of a penalty in an amount equal to twelve percent of any unpaid compensation or medical benefits or fifty dollars per calendar day, whichever is greater, for each day in which any and all compensation or medical benefits remain unpaid, together with reasonable attorney fees for each disputed claim; however, the fifty dollars per calendar day penalty shall hot exceed a maximum of two thousand dollars in the aggregate for any claim. Penalties shall be assessed in the following manner:
(4) Such penalty and attorney fees shall be. assessed against either.the employer or the insurer, depending upon fault. No workers' compensation insurance policy shall provide that these sums shall be paid by the insurer if the workers' compensation judge determines that the penalty and attorney fees are to be paid by the employer rather than the insurer.
■ (2) This Subsection shall not apply if the claim is reasonably controverted or-if such nonpayment results from conditions over which the employer or insurer had no control.

.La. R.S. 23:1201.2 provides:
Any employer or insurer who at any time discontinues payment of claims due 'and arising under this Chapter, when such discontinuance is found to be arbitrary, capricious, or without probable cause, shall be subject to the payment of all reasonable attorney fees for the prosecution and collection of such claims. The provisions of R.S. 23:1141 limiting the amount of attqrney fees shall not apply to cases where the employer of insurer is found liable for attorney fees under this Section. ' The provisions of R'.S. 22:658(C) shall be applicable to claims arising under this Chapter.