673 So.2d 1372 (1996)
Sherry H. CLIFTON, Plaintiff-Appellant,
v.
DITTO'S APPAREL, Defendant-Appellee.
No. 95-1654.
Court of Appeal of Louisiana, Third Circuit.
May 8, 1996.
*1373 Robert Lawrence Beck Jr., Alexandria, for Sherry H. Clifton.
Bradley John Gadel, for Ditto Apparel.
Before WOODARD, PETERS and SULLIVAN, JJ.
PETERS, Judge.
On or about October 18, 1993, the plaintiff, Sherry Hinton Clifton, was injured in the course and scope of her employment with the defendant, Ditto Apparel of California.[1] Ms. Clifton received worker's compensation benefits at the rate of $85.00 per week, based on an average weekly wage of $114.84 as calculated by the "piecework" formula in La.R.S. 23:1021(10)(d).
On November 9, 1994, Ms. Clifton filed a claim, alleging, among other things, that her weekly compensation benefits were computed at an improper rate. It is Ms. Clifton's position that she is not a true pieceworker and that her average weekly wage should have been computed in accordance with the hourly wage formula in La.R.S. 23:1021(10)(a). The hearing officer rendered judgment in favor of Ditto, finding that Ms. Clifton was a pieceworker and that her compensation rate should have been based solely on a pieceworker basis. Ms. Clifton appeals, contending that the hearing officer erred (1) in concluding that she was a pieceworker and in computing her average weekly wage according to the pieceworker formula and (2) in failing to award statutory penalties and attorney fees.

DISCUSSION OF THE RECORD
The facts giving rise to this appeal are not in dispute. Ditto is a garment manufacturer and operates a manufacturing plant in Grant Parish, Louisiana. At the time of her injury, Ms. Clifton was working for Ditto as a seamstress at the Grant Parish facility.
Donald Van, Ditto's corporate personnel director, testified as follows concerning Ditto's wage policy. Quotas are established for every operation that Ditto employees perform on its product, and an employee's pay is calculated on the basis of production. However, every employee is guaranteed minimum wage, or $4.25 per hour. If an employee's piece-quota earnings do not amount to minimum wage, the employee still receives minimum wage, with the extra paid to equal minimum wage considered as "make-up." That is to say, Ditto would "make-up" the difference. If an employee's piece quota exceeds minimum wage, the employee is paid by the piece. Ditto set the minimum wage rate because of federal minimum wage requirements.

OPINION

Calculation of Benefits
Ms. Clifton contends that the hearing officer erred in concluding that she was a pieceworker and in computing her average weekly wage according to the piecework formula in La.R.S. 23:1021(10)(d). We agree and reverse the hearing officer on this issue.
La.R.S. 23:1221(1)(a) provides that compensation for temporary total disability shall be paid at the rate of sixty-six and two-thirds *1374 percent of an employee's wages. The term "wages" is defined in La.R.S. 23:1021(10) as the "average weekly wage at the time of the accident." Under La.R.S. 23:1021(10)(a)(i), the average weekly wage for an employee who is paid on an hourly basis and who is employed for forty hours or more is determined by multiplying the employee's hourly wage rate by the average actual hours worked in the four full weeks preceding the date of the accident or forty hours, whichever is greater. However, under La.R.S. 23:1021(10)(d), the average weekly wage for an employee who "is employed on a unit, piecework, commission, or other basis" is determined by dividing the employee's gross earnings from the employer for the twenty-six-week period immediately preceding the accident by the number of days the employee actually worked for the employer during that period and multiplying that total by four.
In support of its position that Ms. Clifton is a pieceworker, Ditto seeks to draw a distinction between wages earned and wages paid. It is Ditto's position that the employee is compensated only for the production generated and that when the employee's production does not equate to minimum wage, the difference, or the "make-up" pay, is not earned by the employee but is given by Ditto to comply with federal law.
La.R.S. 23:1021(10)(a)(i) provides for an employee who is "paid" on an hourly basis, and La.R.S. 23:1021(10)(d) provides for an employee who is "employed" on a piecework basis. It is clear that Ms. Clifton was paid at least minimum wage on an hourly basis. Mr. Van testified that "[a]nybody that works for us is guaranteed the minimum wage." Thus, Ms. Clifton was guaranteed minimum wage regardless of her productivity. Whether Ms. Clifton's productivity reflected that her services were actually worth minimum wage is irrelevant, as this is a matter more appropriately addressed to her continued employment rather than to her wage rate. Taking Ditto's argument to its logical conclusion, an employer could argue in any case that its salaried employee did not actually earn what he was paid and the hearing officer would have to determine whether and to what extent the employee actually merited the salary before applying La.R.S. 23:1021(10) to determine the employee's average weekly wage for purposes of worker's compensation. Such a result is neither mandated by the statute nor practical.
In Allor v. Belden Corp., 393 So.2d 1233 (La.1981), the employee, a wiredrawer, was awarded benefits calculated on the piecework formula. The employee received a base hourly rate and overtime for any hours worked over forty each week. Additionally, the employee received a production percentage, depending on the amount of wire he produced, which incentive bonus was a varying percentage of his base hourly rate. The supreme court held that the employee's wages should have been calculated under the hourly wage formula since he was paid on an hourly basis.
Likewise, Ms. Clifton was guaranteed an hourly wage of $4.25 for work performed; therefore, her weekly wage rate should have been calculated using the hourly wage formula. We find the amounts owed for any work done over the minimum wage rate were production bonuses and should have been calculated as part of the hourly wage rate as in Allor, 393 So.2d 1233. We note that in Daigle v. Sherwin-Williams Co., 545 So.2d 1005 (La.1989), the employee was paid a salary on a biweekly basis and was entitled to a two-part incentive bonus plan, which was paid on a semi-annual basis. The supreme court found that the average weekly wage should have been calculated by dividing the biweekly salary by two, to obtain a weekly wage, and adding that amount to the amount derived from calculating the bonuses from the incentive plan according to the formula in La.R.S. 23:1021(10)(d). In a footnote, the court in Daigle distinguished this computation from the one in Allor, 393 So.2d 1233, noting that in Allor, the employee's wages were calculated on an hourly basis and his bonuses were concomitantly calculated and included in each weekly paycheck, which made it unnecessary to separately reduce the bonuses to a weekly basis. We find that Ms. Clifton's average weekly wage should have been calculated in accordance with Allor, since Ms. Clifton's wages were calculated on an hourly basis and her production bonuses *1375 were concomitantly calculated and included in each weekly paycheck.
In the instant case, Ms. Clifton received worker's compensation benefits at the rate of $85.00 per week, based on an average weekly wage of $114.84 as calculated by the piecework formula in La.R.S. 23:1021(10)(d). Ditto's records show that Ms. Clifton received gross pay totaling $755.18 for the four full weeks prior to the date of the accident and worked 167.75 hours. Her average hourly wage for that period was $4.50, and her average hours actually worked were 41.94. Thus, her average weekly wages were $188.73 ($4.50 multiplied by 41.94), and her weekly compensation rate should have been $126.45 ($188.73 multiplied by sixty-six and two-thirds). Ms. Clifton is entitled to back-due compensation of $41.45 per week, representing the difference between the amount owed under the hourly wage computation and the amount paid under the piecework computation. She is also entitled to receive weekly compensation benefits of $126.45 until such time as she is no longer eligible to receive weekly compensation benefits.

Penalties and Attorney Fees
Ms. Clifton also seeks penalties and attorney fees. Where there is a serious defense presented in good faith, it is not appropriate to assess attorney fees and statutory penalties. Johnson v. Fidelity & Casualty Ins. Co. of N.Y., 618 So.2d 651 (La.App. 2 Cir.1993). Ditto paid Ms. Clifton, using the piecework formula as a basis for her average weekly wage. We find that Ditto presented a serious defense in good faith to the assertion that benefits should have been calculated based on an average weekly wage as computed under the hourly wage formula. Thus, we find that an award of penalties and attorney fees would not be appropriate.

DISPOSITION
For the foregoing reasons, we reverse that part of the hearing officer's judgment which found that Ms. Clifton was a pieceworker and that her average weekly wage should have been computed on that basis. We render judgment, finding that Ms. Clifton is entitled to weekly compensation benefits at the rate of $126.45 as well as back-due compensation of $41.45 per week. We affirm the judgment in all other respects. We assess costs of this appeal to Ditto.
AFFIRMED IN PART; REVERSED IN PART; AND RENDERED.
NOTES
[1] The motion for appeal and order of appeal refer to the defendant as Ditto's Apparel. However, in its answer, Ditto addresses itself as Ditto Apparel of California. In this opinion, we will refer to the defendant as Ditto.