liAMY, Judge.
This is a workers’ compensation case in which the claimant, Antoinette Boutte, seeks a judgment for additional compensation ben-efite, attorney’s fees and penalties. The workers’ compensation judge, having determined that claimant’s employer, Port Barre Mills, had correctly calculated the amount of compensation benefits to be paid to her, dismissed all claims with prejudice. Claimant appeals. We affirm in part, reverse in part and render.
Facts and Procedural History
The facts of this case are not in dispute. Boutte was a seamstress at Port Barre Mills. At the time of her injury, she was a “sleeve operator” which required her to work on a sewing machine. Claimant began experiencing pain in her wrists, which was later diagnosed as carpal tunnel syndrome. On May 13, 1996, claimant was placed on light duty and continued on light duty until the time she had corrective |2surgery on her wrists. It was stipulated at the workers’ compensation hearing that claimant was presently temporarily, totally disabled, as a result of an injury suffered in the course and scope of her employment with Port Barre Mills. It was further stipulated that defendants were paying claimant $226.91 per week in workers’ compensation benefits, based on an average weekly wage of $340.36 as calculated by the “piecework” formula contained in La.R.S. 23:1021(10)(d). Barbara Latiolais, Safety Manager at Port Barre Mills, testified at the hearing that claimant was paid $3.8977 per bundle.[1] However, every employee was guaranteed a minimum pay of $5.25 per hour.
Claimant, contending that her weekly compensation benefits were computed at an improper rate, filed a claim with the Office of Workers’ Compensation. After a hearing to , determine the appropriate rate, the workers’ compensation judge found claimant was a pieceworker and that the amount of weekly benefits presently being paid by defendant was correct. Claimant appeals, assigning the following errors: (1) the workers’ compensation judge erred in omitting from the judgment that claimant “sustained an injury in the course and scope of her employment with Port Barre Mills and that she was entitled to temporary total disability benefits[;]” (2) the workers’ compensation judge erred in finding $226.91 per week was the correct amount owed to claimant; (3) the workers’ compensation judge erred in denying claimant’s request for penalties and attorney’s fees; and, (4) the workers’ compensation judge erred in dismissing all claims with prejudice.
*536 |3Merits
The primary matter to be decided in this appeal is whether the claimant was employed as a pieceworker or as an hourly paid employee. .Claimant contends that because she is paid hourly wages plus bonus wages, compensation benefits are to be determined by using a dual calculation prescribed by the Louisiana Supreme Court in Daigle v. Sherwin-Williams Co., 545 So.2d 1005 (La.1989). In response, defendant contends that unlike the claimant in Daigle, Boutte’s wage arrangement neatly fits into the category of pieceworker.
When calculating the appropriate rate of temporary total disability benefits to be paid, an employee’s average weekly wage, at the time of the accident or injury, must be determined. La.R.S. 23:1021(10) provides the ■method for calculation of an employee’s “average weekly wage” according to classification. On the date of the work-related accident, La.R.S. 23:1021(10) provided, in part, as follows:
(10) “Wages” means average weekly wage at the time of the accident. The average weekly wage shall be determined as follows:
(a) Hourly Wages.
(i) If the employee is paid on an hourly basis and the employee is employed for forty hours or more, his hourly wage rate multiplied by the average actual hours worked in the four full weeks preceding the date of the accident or forty hours, whichever is greater....
(d) Other wages. If the employee is employed on a unit, piecework, commission, or other basis, his gross earning from the employer for the twenty-six week period immediately preceding the accident divided by the number of days the employee actually worked for the employer during said twenty-six week period and multiplied by four; however, if such an employee has worked for the employer for less than a twenty-six week period immediately preceding |4the accident, his gross earnings from the employer for the period immediately preceding the accident divided by the number of days the employee actually worked for the employer during said peri-. od and multiplied by four.
In Clifton v. Ditto’s Apparel, 95-1654 (La.App. 3 Cir. 5/8/96); 673 So.2d 1372, writ denied, 96-1478 (La.9/20/96); 679 So.2d 437, this court dealt with this exact issue. In Clifton, the employee, who was also a seamstress, was awarded benefits based on a calculation utilizing La.R.S. 23:1021(10)(d), for employees employed on a piecework basis. That panel of the third circuit reversed the workers’ compensation judge finding that “Ms. Clifton was paid at least minimum wage on an hourly basis [,] ” and that as such, La.R.S. 23:1021(10)(a)(i), for employees paid on an hourly basis, was the proper method for calculation of her average weekly wage. Clifton, 95-1654, p. 3-4; 673 So.2d at 1374. In so holding, the Clifton court discussed at léngth the supreme court’s previous rulings in this area.
In Allor v. Belden Corp., 393 So.2d 1233 (La.1981), the employee, a wiredrawer, was awarded benefits calculated on the piecework formula. The employee received a base hourly rate and overtime for any hours worked over forty each week. Additionally, the employee received a production percentage, depending on the amount of wire he produced, which incentive bonus was a varying percentage of his base hourly rate. The supreme court held that the employee’s wages should have been calculated under the hourly wage formula since he was paid on an hourly basis.
Likewise, Ms. Clifton was guaranteed an hourly wage of $4.25 for work performed; therefore, her weekly wage rate should have been calculated using the hourly wage formula. We find the amounts owed for any work done over the minimum wage rate were production bonuses and should have been calculated as part of the hourly wage rate as in Allor, 393 So.2d 1233. We note that in Daigle v. Sherwin-Williams Co., 545 So.2d 1005 (La.1989), the employee was paid a salary on a biweekly basis and was entitled to a two-part incentive bonus plan, which was paid on a semiannual basis. The supreme court found that the average weekly wage should have been calculated by dividing the biweekly *537 salary by two, to obtain a weekly wage, and adding that amount to the amount derived from calculating the bonuses from the Isincentive plan according to the formula in La.R.S. 23:1021(10)(d). In a footnote, the court in Daigle distinguished this computation from the one in Allor, 393 So.2d 1233, noting that in Allor, the employee’s wages were calculated on an hourly basis and the bonuses were concomitantly calculated and included in each weekly paycheck, which made it unnecessary to separately reduce the bonuses to a weekly basis. We find that Ms. Clifton’s average weekly wage should have been calculated in accordance with Allor, since Ms. Clifton’s wages were calculated on an hourly basis and her production bonuses were concomitantly calculated and included in each weekly paycheck.
Clifton, 95-1654, p. 4-5; 673 So.2d at 1374-75.
In the present case, Boutte has been receiving workers’ compensation benefits at the rate of $226.91 per week, based on an average weekly wage of $340.36 as calculated by the piecework formula in La.R.S. 23:1021(10)(d). Port Barre Mills’ payroll records show that Boutte received gross pay totaling $1,673.40 for the four full weeks preceding the accident and worked 176.50 hours. Her average hourly wage for this period was $9.48, and her average hours actually worked was 44.12. Accordingly, her average weekly wage, as calculated under La.R.S. 23:1021(10)(a)(i), is $418.25. Using this figure to determine the proper amount of weekly compensation, claimant should have been receiving $278.83 ($418.25 multiplied by sixty-six and two-thirds). Therefore, Boutte is entitled to compensation in that amount during her period of temporary total disability.
Although we find Port Barre Mills was underpaying claimant’s weekly compensation benefits, we note that this underpayment was a result of utilizing the piecework formula rather than the hourly wage formula. Like in Clifton, we find this to be “a serious defense in good faith” which makes penalties and attorney’s fees inappropriate. Clifton, 95-1654; 673 So.2d 1372; see also Johnson v. Fidelity & |6(Casualty Ins. Co. of N.Y., 618 So.2d 651 (La.App. 2 Cir.1993). Clearly, defendant’s actions cannot be deemed arbitrary and capricious.
Next, we address Boutte’s contention that the workers’ compensation judge erred when he failed to include language in the judgment pertaining to the stipulated fact that she suffered a work-related injury and is currently entitled to temporary total disability benefits. While we recognize that the issue before the workers’ compensation judge was the appropriate rate of benefits, not entitlement to workers’ compensation benefits, for clarity purposes the judgment is amended to include what was the subject of a joint stipulation, i.e., that Boutte suffered a work-related injury and is entitled to temporary total disability benefits.
Finally, our award of additional compensation benefits renders claimant’s remaining assignment of error, that the workers’ compensation judge erred in dismissing all claims with prejudice, moot.
DECREE
For the foregoing reasons, we reverse that part of the lower court’s judgment which denied plaintiffs claim for additional weekly compensation benefits and dismissed that claim with prejudice. Therefore, judgment is rendered in favor of Antoinette Boutte, finding that she is temporarily totally disabled as a result of a work-related accident and entitled to weekly compensation benefits at the rate of $278.83 until she is no longer eligible. We affirm the judgment in all other respects. All costs associated with this appeal are assessed to the defendant, Port Barre Mills.
AFFIRMED IN PART; REVERSED IN PART; AND RENDERED.

. A bundle consists of 36 garments.