LGREMILLION, Judge.
The plaintiff, Jacqunette Batiste, appeals the workers’ compensation judge’s judgment finding that the defendant, Martin Mills, Inc.,[1] miscalculated her average weekly wage in determining her rate of compensation, but denied her request for continuing indemnity benefits, penalties and attorney’s fees, and dismissed her claim with prejudice. We reverse in part and affirm in part.
FACTS
Batiste, a seamstress for Martin Mills, developed bilateral carpel tunnel syndrome on March 30, 1995, for which she underwent carpel tunnel release surgeries on June 28 and July 26, 1995. Following the surgeries, she was released to light duty on August 14, 1995, and then to regular duty two weeks later. On February 26, 1996, Batiste filed a disputed claim for compensation with the Office of Workers’ 12Compensation.
A hearing was held in the matter on July 29, 1998, addressing four specific issues: 1) the correct calculation of Batiste’s average weekly wage (AWW); 2) whether Martin Mills responded to a written request for a copy of its physician’s report within thirty days; 3) whether Batiste was entitled to weekly compensation benefits; and 4) whether she was entitled to penalties and attorney’s fees as a result of Martin Mills’ actions. After taking the matter under advisement, the workers’ compensation judge rendered judgment finding that Martin Mills miscalculated Batiste’s AWW and awarded her the difference between the amount paid and the correct amount. The workers’ compensation judge also held that Batiste failed to prove her entitlement to temporary total disability benefits or supplemental earning benefits and dismissed her claim for benefits with prejudice and denied her claim for penalties and attorney’s fees. This appeal followed.
ISSUES
Batiste raises four assignments of error on appeal. We have condensed them into three for the purpose of this opinion.
*742 1) The workers’ compensation judge erred in denying Batiste’s claim for penalties and attorney’s fees based on Martin Mills’ improper calculation of her average weekly wage.
2) The workers’ compensation judge erred in failing to find that Batiste was entitled to $250.00 in penalties and attorney’s fees due to Martin Mills’ failure to provide her a copy of Dr. Gidman’s report within thirty days of her written request.
3) The workers’ compensation judge erred in dismissing Batiste’s claim with prejudice.
| sCALCULATION OF AVERAGE WEEKLY WAGE
In her first assignment of error, Batiste argues that the workers’ compensation judge erred by not awarding her penalties and attorney’s fees due to Martin Mills’ improper calculation of her AWW. The workers’ compensation judge held that Martin Mills improperly calculated Batiste’s AWW based on the assumption that she was a piecemeal worker instead of an hourly wage employee. La.R.S. 23:1021(10)(a) and (d). This case is directly on point with Boutte v. Port Barre Mills, 98-255 (La.App. 3 Cir. 6/3/98); 715 So.2d 534, unit denied, 98-1771 (La.10/30/98); 727 So.2d 1161. There the court held that the correct formula for calculating the AWW wage of an employee who is guaranteed a certain wage per hour, even if paid on a piecework basis, is the hourly wage formula. La.R.S. 23:1021(10)(a). Boutte involved the same defendant, and the same claims adjustor, Michael Miniex, safety manager for Martin Mills.
The crux of Batiste’s argument is that even though Miniex was aware of the Boutte decision he did not use the hourly wage formula to calculate her AWW. Mi-niex admitted that he knew Batiste’s AWW would be higher if calculated according to the holding in Boutte, and he agreed to pay her the difference between the two calculations. Batiste argues that Martin Mills’ actions were arbitrary and capricious, rendering it liable for penalties and attorney’s fees.
The workers’ compensation judge refused to award penalties and attorney’s fees, finding no evidence of any arbitrary and capricious behavior on the part of Martin Mills. The decision to assess a defendant with penalties and attorney’s fees is essentially a question of fact, which will not be disturbed absent manifest error. | 4Culbert v. ConAgra, Inc., 98-238 (La.App. 3 Cir. 6/3/98); 716 So.2d 43, unit denied, 98-1817 (La. 10/16/98); 726 So.2d 908. Although Boutte was decided on June 3, 1998, the writ application in that matter was not denied until October 30, 1998. The trial in this matter occurred on July 29, 1998, approximately two months after Boutte was decided, but while the writ to the supreme court was still pending. Under the facts of this case, we do not find any error in the workers’ compensation judge’s decision not to award penalties and attorney’s fees. Further, in Boutte, 715 So.2d at 537, the court held that underpayment resulting from utilization of the piecework formula rather than the hourly wage formula was “a serious defense in good faith,” rendering penalties and attorney’s fees inappropriate. This assignment of error is without merit. The workers’ compensation judge’s decision on this issue is affirmed.
REQUEST FOR MEDICAL RECORDS
Batiste next argues that the workers’ compensation judge erred in failing to find that she was entitled to penalties and attorney’s fees for Martin Mills’ failure to provide her with a copy of its physician’s medical reports within thirty days of her written request. La.R.S. 23:1125. The workers’ compensation judge denied Batiste’s request, finding that she failed to present any evidence on this issue.
La.R.S. 23:1125 provides that an employee examined by a doctor at the request *743 of the employer is entitled to a copy of the written report of the examination within thirty days after written demand upon the employer. Failure to provide the report within the time allowed renders the employer liable for a civil penalty of $250.00, plus reasonable attorney’s fees.
1 ¡¡Batiste was examined by Dr. Gregory Gidman at the request of Michael Miniex on June 15, 1995. Martin Mills was courtesy copied with a copy of Dr. Gidman’s report, which was transcribed the day of the examination. Miniex admitted in his testimony that Dr. Gidman was Martin Mills’ choice of physician. On September 19, 1995, Batiste requested a copy of the medical reports of Martin Mills’ physician. The request was sent via certified mail, return receipt requested, and was signed for on September 21, 1995. Wendy Tran, a claims representative for Constitution State Service Company, sent a copy of Martin Mills’ medical reports to Batiste’s counsel on February 6,1996.
After reviewing the aforementioned evidence, we find that the workers’ compensation judge erred in finding that Batiste failed to present any evidence on this issue. Batiste sent a written request to Martin Mills on September 19, 1995, which was received by it two days later on September 21, 1995. Martin Mills did not provide Batiste a copy of Dr. Gidman’s report within the thirty day period provided by La.R.S. 23:1125. Martin Mills did not present any evidence showing that there was just cause for its delay in providing the requested report. Accordingly, the judgment of the workers’ compensation judge is reversed, and judgment is rendered in favor of Batiste for $250.00 in civil penalties, and $1,500.00 in attorney’s fees.
DISMISSAL OF CLAIM
In her final assignment of error, Batiste claims that the workers’ compensation judge erred in dismissing her claim with prejudice. She argues that a dismissal with prejudice conflicts with La.R.S.
23:1310.8, which gives the Office of Workers’ Compensation continuing jurisdiction to review prior awards, relying on 6Jones v. Murphco of Florida, 93-540 (La.App. 3 Cir. 2/16/94); 640 So.2d 335. This same argument was used in Boutte v. Langston Companies, Inc., 97-972 (La.App. 3 Cir. 2/4/98); 707 So.2d 1315. There the court stated:
In Jones, this court found such an error, citing the OWCA’s continuing jurisdiction over any future petition for modification filed by any party in interest under La.R.S. 23:1310.8. In Matthews v. Farley Industries, 95-1387, p. 6 (La.2/28/96), 668 So.2d 1144, 1146, decided two years after Jones, the supreme court held that the present version of La.R.S. 23:1310.8 requires a prior “award” of compensation for the OWCA to consider a petition for modification. Because Boutte was not awarded compensation by the OWCA or this court, we find no error in the dismissal with prejudice.
Id. at 1321. We agree with the Boutte court. Batiste did not appeal the workers’ compensation judge’s failure to award her compensation benefits. Since there was no award of compensation, the workers’ compensation judge did not err in dismissing Batiste’s claim with prejudice.
CONCLUSION
For the foregoing reasons, the judgment of the workers’ compensation judge denying penalties and attorney’s fees for Martin Mills, Inc.’s violation of La.R.S. 23:1125 is reversed, and judgment is rendered awarding Batiste $250.00 in penalties and $1,500.00 in attorney’s fees. The judgment is affirmed in all other respects. The costs of this appeal are assessed equally between the parties.
AFFIRMED IN PART; REVERSED AND RENDERED.

. Batiste incorrectly identified Martin Mills, Inc. as Crowley Mills/Farley in her petition.