J^DUFRESNE, Judge.
This is an appeal by Shoney’s of La-Place, defendant-appellant, from a judgment imposing penalties and attorney fees for its failure to promptly pay interest, court costs, a hospital bill, and certain travel expenses incurred by Linda Lum- *119 mus, a workers’ compensation claimant. For the following reasons we set aside that portion of the judgment ordering re-caleu-lation of interest, but otherwise affirm the remainder of the judgment.
The underlying facts are relatively straightforward. Claimant slipped in a puddle of water while on her job with Shoney’s and sought compensation for the resulting injuries to her neck and shoulder. She further alleged that a carpal tunnel syndrome in her right wrist was also caused by the fall. This latter allegation was disputed by the employer and after a hearing before a workers’ compensation judge a judgment issued holding that the wrist problem was indeed related to the accident. Shoney’s was ordered to pay for the carpal tunnel syndrome surgery and all related medical expenses, costs of the proceedings, penalties and | ¡..attorney fees, and interest on these amounts. On devol-utive appeal to this court the only pertinent change made in the judgment was that the award of penalties and attorney fees was set aside
Claimant sought payment pursuant to the judgment, and eventually brought a rule against the employer alleging that after repeated demands it had still failed to pay 1) the correct amount of interest on the judgment, 2) a hospital bill, 3) travel expenses for medical treatment, and 4) certain costs associated with the original trial. At the hearing on claimant’s rule, it was agreed that the hospital bill had by then been paid, and that the travel expenses would be taken care of as well. After that hearing of June 8, 1998, the judge entered a judgment ordering recalculation of the interest owed and payment of $900.32 in additional costs for the first proceeding. She further found the employer arbitrary and capricious in failing to pay timely these amounts, as well as the travel and hospital bills, and imposed a penalty of “24% of all bills which remained unpaid 30 days after demand for payment, or $3,000.00, whichever is the greater, and attorney’s fees in the amount of $5,000.00.”
Shoney’s now appeals this judgment and urges three assignments of error. First, it contends that its method of calculating interest on the previous judgment was correct, except for a small mathematical error of less than one percent. Second, it asserts that the judge erred in assessing costs for the previous hearing because certain of these had either already been paid for or were not introduced at trial by claimant, and moreover she failed to present any evidence to establish the amounts due for any of the items claimed. Third, it argues that it was not arbitrary and capricious in failing to pay the above amounts, but even if, arguendo, it had so acted, | athere is no statutory provision authorizing an award of penalties and attorney fees for failure to timely pay a judgment.
As to how interest is to be calculated, claimant now agrees that defendant used the correct method. We thus set aside that portion of the judgment ordering a re-calculation of interest as moot. However, defendant admits to a mathematical discrepancy in what it paid and what it owes, and as per the judgment this difference is to be paid. We further rule that because the employer’s position as to the calculation of interest was substantially correct, it should not. be required to pay penalties on the small mathematical discrepancy.
The second issue concerns costs of the prior proceeding. At the hearing claimant’s counsel represented orally to the judge that the following items had not been paid:
1. Claimant’s copy of deposition of Dr. George $71.85
2. Deposition of Dr. Zeringue $278.47
3. Deposition fee of Dr. Zeringue $400.00
4. Medical report of Dr. Zeringue $150.00
Total $900.32
At the hearing the employer did not contest the amounts of these items, nor did it suggest that these expenses were not incurred by claimant. Rather, it argued that it had paid the court reporter’s fee for the deposition of Dr. George, its own expert, and that the medical report of Dr. *120 Zeringue had been attached to his deposition and therefore should not be taxed as an independent item. It made no argument as to why Dr. Zeringue’s deposition and deposition fee should not be taxed as costs, and the record is clear that this document had been introduced at the original trial in lieu of | ¿that doctor’s live testimony.
The employer further argues here that claimant failed to present evidence of these costs at the hearing and therefore failed to show that these expenses had been incurred for the prior hearing. We reject this assertion. In workers’ compensation matters, the technical rules of evidence are relaxed, but findings must nonetheless be based on “competent evidence,” La. R.S. 23:1317. In Chaisson v. Cajun Bag & Supply Co., 97-1225 (La.3/4/98), 708 So.2d 375, the court held that “competent evidence” is such evidence as “has some degree of reliability and trustworthiness and is of the type that reasonable persons would rely upon.” (At 382).
Here, claimant’s counsel represented to the judge that the above expenses had been incurred. The employer well knew that all of the above items had been used in the first hearing and it admits here that the only two items to which it had any opposition were the deposition of Dr. George and the medical report of Dr. Ze-ringue. It presented no argument at the hearing or before this court as to why Dr. Zeringue’s deposition costs and deposition fee were not owing. Neither has it raised any issue concerning the accuracy of the figures given by claimant’s counsel. In this court’s opinion, the representations made by claimant’s counsel as to the costs of the various items was competent evidence to establish those costs, particularly in the absence of any evidence or even an assertion by the employer that the figures were incorrect. Considering the above circumstances, it is clear that claimant presented “competent evidence” to establish the amounts of these various items and further that they were properly assessed by the judge as costs in the prior proceeding.
| KThese same circumstances also demonstrate that there were sufficient facts before the judge for her to find that the employer was arbitrary and capricious in failing to pay these costs upon request by claimant. The employer asserts that because it disputed some of the costs, it was entitled to a hearing to resolve these matters, and it thus can not be found to have acted arbitrarily in asserting this right. This argument fails for two reasons. First, as shown above, it did not contest that the deposition cost and fee for Dr. Zeringue were incurred and it knew that this document had been used in the first hearing. Second, it did not seek a hearing to resolve the alleged dispute as to the remaining two items, but rather refused to pay any of the four items, thus compelling claimant to bring a rule on this entire issue.
The final assignment concerns whether the employer acted arbitrarily and capriciously in not paying various items, and if so what sanctions are authorized by statute. We have already ruled that the employer did not act arbitrarily and capriciously in not paying the exact amount of interest owing, but did so act in not paying the costs of the first hearing. The other two items at issue are the hospital bill and certain travel expenses.
In the original judgment in this case the employer was ordered to pay all medical bills incurred by claimant in relation to the injury. The record of the present hearing shows that claimant underwent a diagnostic test at River Parishes Hospital in September of 1997, two months after that original judgment. Claimant’s attorney repeatedly requested payment of this bill over a period of months, but to no avail. During the present hearing, the employer’s counsel stated that the bill was sent to the claims adjuster, but that it had not been paid promptly *121 because of some confusion | fiover the form of the bill sent by the hospital. There apparently was also some confusion as to how much the employer’s insurer was to pay for the particular procedure involved and whether it was entitled to a discount based on some schedule. It stated that the bill had eventually been satisfied a few days before the present hearing. Claimant’s counsel represented that she had been in contact with the hospital and learned that the bill had been reported to the credit bureau and she was able to verify that indeed this problem had shown up on her client’s credit rating.
In this court’s opinion, the employer was manifestly arbitrary and capricious in not resolving this bill promptly. It is precisely this kind of bureaucratic inefficiency and finger pointing, usually at the expense of the injured employee, that the penalty provisions of the workers’ compensation statutes are intended to rectify. The typical injured employee is out of work and must rely on the compensation system to provide minimal living expenses and pay medical bills. The Legislature has deemed it appropriate to penalize employers and insurers who do not pay these amounts promptly and thus subject the employee to further vexations, such as occurred in this matter.
As to the travel expenses, claimant’s counsel stated that bills for those costs up to July of 1997, had been paid, but that the amounts from that time through February of 1998, remained outstanding, despite a demand for payment of March 23, 1998. The employer’s counsel stated that he had submitted the travel expenses to the insurer for payment and it would be forthcoming. No explanation was given as to why the bill had not yet been paid. On this showing, we find no error in the judge’s finding that the employer was also arbitrary and capricious in not paying this bill timely.
|7The last question is what sanctions are authorized by the legislature for arbitrary and capricious failure to pay amounts ordered by a final judgment. Pursuant to La. R.S. 23:1201 G, if any award payable under the terms of a judgment is not paid within thirty days of its due date, a penalty:
“equal to twenty-four percent thereof or one-hundred dollars per day together with reasonable attorney fees, for each calendar day after thirty days it remains unpaid, whichever is greater, ... unless such non-payment results from conditions over which the employer had no control.”
The statute also provides that the one-hundred dollar per day penalty shall not exceed three-thousand dollars. Further, La. R.S. 23:1201.2 provides that discontinuance of payment of claims, if arbitrary, capricious or without probable cause, shall subject the employer to payment of attorney fees. We have already affirmed the findings of arbitrary and capricious failure to pay certain amounts, and implicit in those findings is that there were no conditions beyond the employer’s control which prevented payment. The language of the judgment tracks that of the above statutes, and it is obvious that these statutes provide authorization for the penalties and attorney’s fees imposed.
The employer relies on La. R.S. 23:1201.3, relating to the filing of a workers’ compensation judgment with the clerk of court and obtaining of a writ of execution, for the proposition that this is the only remedy available to a claimant for enforcing payment of a judgment. It further argues that because that statute does not authorize penalties and attorney fees, none are available. It fails to note, however, that Section D of that statute specifically provides that its provisions are cumulative with all other provisions available for enforcing such judgments. We therefore reject thisRargument as well.
For the foregoing reasons, the judgment of the Office of Workers’ Compensation is amended to delete the requirement that the employer recalculate interest on the *122 judgment. In all other respects the judgment is affirmed.

JUDGMENT AMENDED, AND AFFIRMED AS AMENDED.