h SAUNDERS, J.
The claimant, Donna Deshotel, appeals a judgment by the workers’ compensation judge (WCJ), granting Defendant’s Exception of No Cause of Action and dismissing with prejudice the claimant’s complaint seeking penalties and attorneys’ fees as a result of Defendant’s failure to pay medical expenses within the thirty day period allowed by La.R.S. 23:1201.
FACTS AND PROCEDURAL HISTORY
On August 21, 2001, Donna Deshotel filed a Form 1008/Petition alleging that she had injured her back, in the course and scope of her employment with Carolyn’s Wholesale Bait & Tackle, by falling over a vat while weighing shiners. During the pendency of that litigation, the parties entered into a Consent Judgment stating that the Defendants would “authorize and pay for the Claimant to undergo epidural steroid injections, physical therapy and aqua therapy; as well as continued office visits with Dr. Raffai” until the new trial date of June 26, 2001. In this Consent Judgement, Ms. Deshotel agreed to waive any and all indemnity benefits from August 20, 1999 to August 18, 2000. On June 26, 2001, a trial on the merits was held on the issue of whether or not an accident had occurred. On September 11, 2001, the trial court ruled in favor of Carolyn’s Wholesale Bait and Tackle, holding that there was no work related accident, that no workers’ compensation benefits were owed to Ms. Deshotel, and that Title 23 did not apply.
On November 7, 2001, Ms. Deshotel filed a Form 1008 “Disputed Claim for Compensation” alleging that a bill for Savoy Medical Center and a bill for Dr. Raffai had not been paid. She sought penalties and attorneys’ fees under Title 23 for the failure to pay these bills within thirty (30) days of written notice. On January 10, 2002, the Defendant filed an Exception of No Cause of Action. The Honorable LSharon Morrow heard oral arguments on April 26, 2002. The judge granted the Defendant’s Exception of No Cause of Action and dismissed Ms. Deshotel’s 1008/Petition with prejudice. Ms. Deshotel appeals that judgment.
DISCUSSION OF LAW
Ms. Deshotel contends that the workers’ compensation judge erred in granting the Defendant’s Exception of No Cause of Action and in failing to award penalties and attorneys’ fees in connection with the Defendant’s failure to pay the medical expenses granted in the Consent Judgment within thirty days. We agree with Ms. Deshotel and find the WCJ erred in granting the Defendant’s Exception of No Cause of Action and that the payment provisions of La.R.S. 23:1201(G) are applicable to the Consent Judgment entered into by the parties.
The supreme court discussed the standard of review for an Exception of No Cause of Action in City of New Orleans v. Bd. of Comm’rs of the Orleans Levee Dist., 93-690, p. 2 (La.7/5/94); 640 So.2d 237, 241. “The purpose of an exception of no cause of action is to determine the sufficiency in law of the petition. The exception is triable on the face of the papers and for the purposes of determining the issues raised by the exception, the well pleaded facts in the petition must be accepted as true.” The court further clarified the burden of proof as follows:
The burden of demonstrating that no cause of action has been stated is upon the mover or exceptor. In deciding the exception of no cause of action, the court must presume all factual allegations of the petition to be true and all reasonable inferences are made in favor of the non-moving party.
*1136 [[Image here]]
In appraising the sufficiency of the petition we follow the accepted rule that a petition should not be dismissed for failure to state a cause of action unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief.
Id., at p. 28, 253.
For the reasons stated below, we find that La.R.S. 23:1201(G) does apply to the Consent Judgment entered into by the parties during the hearing to determine whether Ms. Deshotel was entitled to workers’ compensation benefits. Because La.R.S. 23:1201(G) applies to the Consent Judgment, and it has not been clearly established that the Defendant paid Ms. Deshotel’s medical bills within the thirty (30) day period allowed in Section 1201(G), the WCJ erred in grating the Defendant’s Exception of No Cause of Action.
La. R.S. 23:1201 provides in pertinent part:
G. If any award payable under the terms of a final, nonappealable judgment is not paid within thirty days after it becomes due, there shall be added to such award an amount equal to twenty-four percent thereof or one hundred dollars per day together with reasonable attorney fees, for each calendar day after thirty days it remains unpaid, whichever is greater, which shall be paid at the same time as, and in addition to, such award, unless such nonpayment results from conditions over which the employer had no control. No amount paid as a penalty under this Subsection shall be included in any formula utilized to establish premium rates for workers’ compensation insurance. The total one hundred dollar per calendar day penalty provided for in this Subsection shall not exceed three thousand dollars in the aggregate.
The Defendant argues that Section 1201 should not apply to the Consent Judgment because the trial court in the original dispute determined that Ms. Deshotel did not suffer a work related injury. Therefore, the Defendant contends that Title 23 does not apply to the Consent Judgment entered into during that proceeding. Ms. Deshotel, however, asserts that the Consent Judgment was entered into in open court, in the Office of Workers’ Compensation, District 4, during the pendency of a workers’ compensation claim. Therefore, any subsequent claims of the failure of one of the parties to adhere to the Consent Judgment fall within the provisions of Title 23 |4of the Workers’ Compensation Act.
The Consent Judgment was reached in a workers’ compensation court proceeding, presided over by a workers’ compensation judge, and agreed to in the course of an ongoing hearing concerning a claim for workers’ compensation benefits. The circumstances surrounding the consent agreement support the contention of the claimant that the agreement is subject to Title 23’s statutory provisions for payment of workers’ compensation judgments.
Several circuits, including this one, have held that Consent Judgments fall within the final, nonappealable judgments governed by 23:1201(G). See Sanders v. Harrisonburg Nursing Home, 95-114 (La.App. 3 Cir. 5/31/95); 657 So.2d 394, writ denied, 95-1629 (La.10/6/95); 661 So.2d 469, Harrison v. Louisiana State Univ. Med. Ctr., 623 So.2d 707 (La.App. 4 Cir.1993), Geason v. Harmony Constr., 95-367 (La.App. 5 Cir. 11/15/95); 665 So.2d 485. The fact that the claimant ultimately failed in her pursuit of workers’ compensation benefits is immaterial to the validity and enforcement of the consent judgment.
*1137 As a result of the WCJ’s granting of the Exception of No Cause of Action, there was never a full hearing on the issue of whether Ms. Deshotel’s medical bills were timely paid by the Defendant. Therefore, the determination of that matter is not properly before us. There is clearly a dispute between the parties as to when written notice was given to the Defendants or their workers’ compensation insurer, Louisiana Workers’ Compensation Company. We remand the matter to the trial court for a full hearing on the issue.
DECREE
For the reasons stated above we reverse the WCJ’s grant of the Defendant’s | ¡¡Exception of No Cause of Action and find that La.R.S. 23:1201(G) applies to the Consent Judgment reached by the parties. Further evidence needs to be heard on the issue of the Defendant’s payment of Ms. Deshotel’s medical bills. We remand this case for further proceedings not inconsistent with this opinion. All costs of this appeal are assigned to the Defendant.
REVERSED AND REMANDED.