# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 11-232

**DALLAS RICHARD**

**VERSUS**

**COASTAL CULVERT & SUPPLY, INC.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - DISTRICT 4
PARISH OF LAFAYETTE, NO. 08-04568
SHARON MORROW, WORKERS' COMPENSATION JUDGE

\*\*\*\*\*\*\*\*\*\*

**ULYSSES GENE THIBODEAUX**
**CHIEF JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Marc T. Amy, and Phyllis M. Keaty, Judges.

**REVERSED AND RENDERED.**

**Michael Benny Miller**
**Miller & Miller**
**P. O. Box 1630**
**Crowley, LA 70527-1630**
**Telephone: (337) 785-9500**
**COUNSEL FOR:**
      **Plaintiff/Appellant - Dallas Richard**

**Matthew Robert Richards**
**Johnson, Stiltner & Rahman**
**2237 S. Acadian Thruway**
**Baton Rouge, LA 70898-8001**
**Telephone: (225) 231-0521**
**COUNSEL FOR:**
      **Defendant/Appellee - Coastal Culvert & Supply, Inc.**

**THIBODEAUX, Chief Judge.**

The claimant, Dallas Richard, appeals the judgment of the Office of Workers' Compensation (OWC) denying him penalties and attorney fees for the employer's failure to timely pay an amount awarded pursuant to a Consent Judgment between the parties. Finding that the underpayment at issue was not due to a condition beyond the employer's control, we reverse the judgment of the OWC and render the statutory penalty of $3,000.00 and attorney fees of $3,000.00.

I.

## ISSUE

We must decide whether the OWC manifestly erred in denying Mr. Richard's motion for penalties and attorney fees due to the employer's underpayment of an expense item on a Consent Judgment.

II.

## FACTS AND PROCEDURAL HISTORY

Dallas Richard sustained a work-related injury to his left knee on March 5, 2008, while working for the defendant, Coastal Culvert & Supply, Inc. (Coastal Culvert).

On April 14, 2009, the parties stipulated to and executed a Consent Judgment requiring the defendant to pay Mr. Richard expenses of $208.70, attorney fees of $8,500.00, and a penalty of $6,000.00, all totaling $14,708.70.[1]

---

[1]The Consent Judgment also awarded Mr. Richard a supplemental earnings benefit (SEB) of $375.17. While the timely payment of SEB's was an issue at trial, it was not briefed on appeal.

On April 16, 2009, the defendant issued two checks to counsel for Mr. Richard in the amounts of $8,707.80 and $6,000.00. The total amount received was $14,707.80, resulting in a ninety-cent shortage, which Mr. Richard attributes to an underpayment of the expenses of $208.70. The defendant attributes the shortage to an accidental transposition of the figures ($208.70 versus $207.80) due to an adjuster oversight.

On August 21, 2009, the defendant issued a check for ninety cents ($0.90) to counsel for Mr. Richard.

A hearing was held on October 16, 2009, on Mr. Richard's motion for penalties and attorney fees for various untimely payments of amounts awarded in the Consent Judgment. On October 14, 2010, the OWC issued a judgment denying Mr. Richard's motion for penalties and attorney fees.

III.

## STANDARD OF REVIEW

> In worker's compensation cases, the appropriate standard of review to be applied by the appellate court to the OWC's findings of fact is the "manifest error-clearly wrong" standard. *Brown v. Coastal Construction & Engineering*, Inc., 96-2705 (La.App. 1 Cir. 11/7/97), 704 So.2d 8, 10 (citing *Alexander v. Pellerin Marble & Granite,* 93-1698, pp. 5-6 (La. 1/14/94), 630 So.2d 706, 710). Accordingly, the findings of the OWC will not be set aside by a reviewing court unless they are found to be clearly wrong in light of the record viewed in its entirety. *Alexander*, 630 So.2d at 710.

*Angelle Concrete, Inc. v. Sandifer*, 06-38, p. 2 (La.App. 3 Cir. 5/24/06), 930 So.2d 1200, 1201-02 (quoting *Dean v. Southmark Const*., 03-1051, p. 7 (La. 7/6/04), 879 So.2d 112, 117).

## LAW AND DISCUSSION

Mr. Richard alleges that "[t]he Worker[s'] Compensation Judge erred in failing to award a penalty for failure to timely pay the expenses." The record reveals that the Consent Judgment was primarily funded on April 16, 2009, two days after the agreement in open court on April 14, 2009, as indicated above. The shortage, however, was not paid until August 21, 2009, which was over four months after the Consent Judgment was executed, and over three months after the Consent Judgment was signed and mailed by the OWC on May 19, 2009. Mr. Richard argues that the ninety-cent shortage on the expense payment was paid after the thirty-day deadline of La.R.S. 23:1201(G), and it is therefore subject to a $3,000.00 penalty plus reasonable attorney fees and all court costs. Specifically, Subsection (G) provides:

> If any *award* payable under the terms of a final, nonappealable judgment is *not paid within thirty days* after it becomes due, there *shall be added* to such award an amount equal to *twenty-four percent* thereof *or one hundred dollars per day together with reasonable attorney fees*, for each calendar day after thirty days it remains unpaid, whichever is greater, which shall be paid at the same time as, and in addition to, such award, *unless such nonpayment results from conditions over which the employer had no control*. . . . *The total* one hundred dollar per calendar day *penalty* provided for in this Subsection *shall not exceed three thousand dollars* in the aggregate.

La.R.S. 23:1201(G) (emphasis added).

Mr. Richard contends that the only way for the defendant to escape the $3,000.00 penalty is to show that the "nonpayment results from conditions over which the employer had no control." Mr. Richard argues that the defendant's allegation that the shortage was an oversight, or a mistake made by the adjuster, provides no basis for escaping the penalty under La.R.S. 23:1201(G). We agree.

The defendant responds that it paid an additional $750.34 on May 5, 2009, which was within the thirty-day period of La.R.S. 23:1201(G), and that it should receive a credit from that payment to cover the expense shortage. Mr. Richard, however, correctly points out that the $750.34 was for two weeks of wage benefits at $375.17 per week, not for the underpayment of the expenses.

Mr. Richard argues that, while the amount of the underpayment was low, it was still a violation of section (G). He cites *Guillory v. Bofinger's Tree Service*, 06-86 (La.App. 1 Cir. 11/3/06), 950 So.2d 682, where the court held that penalties and attorney fees were due on an underpayment of thirty-nine cents ($0.39). In *Guillory*, the underpayment was due to the employer's use of the wrong rate in calculating a mileage expense payment, an error that could have serious consequences.

Here, while we recognize that the underpayment of ninety cents seems like an insubstantial amount, the penalty assessed in La.R.S. 23:1201(G) is *mandatory*, and the statute makes no distinction between small infractions versus large infractions where the employer fails to pay the full amount of a judgment. As indicated, in order to avoid a penalty under La.R.S. 23:1201(G), the employer must show that the underpayment is due to a condition beyond the employer's control. A clerical error or adjuster's oversight is not a condition "beyond the employer's control," which is the standard to which we are confined in this case. If the standard under La.R.S. 23:1201(G) were "arbitrary and capricious," as it is under La.R.S. 23:1201(I), a different result may have been warranted.[2]

---

[2]*See King v. Travelers Ins. Co.*, 553 So.2d 1072 (La.App. 3 Cir. 1989), *writ denied*, 558 So.2d 570 (La.1990). There, under an arbitrary and capricious standard, we found that the defendant, who voluntarily corrected its clerical error by immediately paying an omitted medical bill upon notice of the error, did not proceed with an "attitude of indifference," and we affirmed dismissal of the plaintiff's suit. *Id.* at 1074.

As previously indicated, the Consent Judgment in this case awarding the expenses of $208.70 was agreed to by the parties in open court on April 14, 2009, and it was signed and mailed by the OWC on May 19, 2009. On April 16, 2009, the defendant issued checks totaling $14,707.80 for payment of a penalty, for attorney fees, and for the expenses awarded in the Consent Judgment. These payments were ninety cents short, and the shortage was not corrected until August 21, 2009, several months after the thirty-day deadline mandated by La.R.S. 23:1201(G).

The subsequent hearings on Mr. Richard's motion, and the post-hearing briefs, dealt primarily with the timeliness of the SEB payments under La.R.S. 23:1201(F) and (G), and with issues relating to Mr. Richard's other injury and a second insurer, but also addressed the underpayment of the expenses awarded. The oral ruling on Mr. Richard's motion, however, stated merely that no penalties were due under La.R.S. 23:1201(F) or (G), and no reasons were articulated to distinguish the SEB payments from the underpayment of the expenses. Likewise, the October 14, 2010, judgment being appealed stated only that Mr. Richard's "Motion for Penalties and Attorney's fees" was denied.

"The decision to assess a defendant with penalties and attorney's fees is essentially a question of fact, which will not be disturbed absent manifest error." *Batiste v. Crowley Mills/Farley*, 98-1784, p. 3 (La.App. 3 Cir. 3/31/99), 735 So.2d 740, 742 (citing *Culbert v. ConAgra, Inc.*, 98-238 (La.App. 3 Cir. 6/3/98), 716 So.2d 43, *writ denied*, 98-1817 (La. 10/16/98), 726 So.2d 908). Because the OWC did not find that the underpayment of the expense item was a condition beyond the employer's control, and the record does not implicitly support such a finding, the OWC was manifestly erroneous in its denial of Mr. Richard's motion for penalties and attorney fees.

5

## V.

## <u>CONCLUSION</u>

Accordingly, we reverse the OWC's denial of penalties and attorney fees on the underpayment of the expense item and award the $3,000.00 penalty and attorney fees in the amount of $3,000.00 for work at the trial and appellate levels as mandated by La.R.S. 23:1201(G). Costs of this appeal are assessed to the defendant, Coastal Culvert.

**REVERSED AND RENDERED.**