STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

12-956

HERVEY J. MORVANT

VERSUS

SHOP RITE, INC.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION – District 3
PARISH OF CALCASIEU, NO. 09-02051
CHARLOTTE L. BUSHNELL, WORKERS' COMPENSATION JUDGE

\*\*\*\*\*\*\*\*\*\*

ULYSSES GENE THIBODEAUX
CHIEF JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Jimmie C. Peters, and Marc T. Amy, Judges.

**AFFIRMED AS AMENDED.**

H. Douglas Hunter
Guglielmo, Lopez, Tuttle, Hunter & Jarrell
P. O. Drawer 1329
Opelousas, LA 70571-1329
Telephone:  (337) 948-8201
COUNSEL FOR:
      Defendant/Appellant – Shop Rite, Inc.

Michael Benny Miller
Miller & Miller
P. O. Drawer 1630
Crowley, LA 70527-1630
Telephone:  (337) 785-9500
COUNSEL FOR:
      Plaintiff/Appellant - Hervey J. Morvant

**THIBODEAUX, Chief Judge.**

In this workers' compensation case, the employee and employer signed a Consent Judgment to resolve several underlying claims. Following numerous alleged violations of the Consent Judgment by Shop Rite, Hervey Morvant filed suit with the Office of Workers' Compensation. After a trial on the merits, the Workers' Compensation Judge (WCJ) found that Shop Rite committed several infractions. Namely, the WCJ assessed penalties for Shop Rite's failure to approve epidural steroid injections and EMG/nerve conduction studies, and she assessed a penalty for Shop Rite's underpayment of weekly compensation benefits and its failure to pay legal interest on those benefits. The WCJ also awarded $3,500.00 in attorney fees to Mr. Morvant. Both parties appeal the judgment, and Mr. Morvant seeks additional attorney fees for work done on this appeal. For the following reasons, we affirm the judgment as amended, and award $3,000.00 in attorney fees to Mr. Morvant's attorney for work done on appeal.

I.

## ISSUES

We will consider whether the trial court erred by:

(1)     assessing a $2,000.00 penalty for Shop Rite's failure to approve epidural steroid injections for Mr. Morvant;

(2)     assessing a $3,000.00 penalty for Shop Rite's failure to approve EMG/nerve conduction studies;

(3)     assessing a single $3,000.00 penalty for Shop Rite's $1.00 underpayment of weekly compensation benefits and for its failure to pay legal interest on back due weekly compensation; and

(4)     awarding Mr. Morvant's counsel $3,500.00 in attorney fees.

## II.

## FACTS AND PROCEDURAL HISTORY

Mr. Morvant was injured in the course and scope of his employment with Shop Rite in October 2008. He claimed injuries to his back, neck, right thumb, and shoulder. Litigation ensued. In the trial pleadings, several issues were raised, including Shop Rite's failure to approve epidural steroid injections and EMG/nerve conduction studies. Shortly before trial began, however, the parties entered into a Consent Judgment that was later signed by the WCJ. The Consent Judgment reads as follows:

> IT IS ORDERED, ADJUDGED AND DECREED that **HERVEY MORVANT** was injured in the course and scope of his employment with **SHOP RITE** on October 23, 2008; that as a result of his accident, **HERVEY MORVANT** is entitled to temporary total disability benefits in the amount of $272.67 per week beginning March 29, 2010 subject to a credit for all weekly compensation payments and all reasonable and necessary medical treatment.

> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that **HERVEY MORVANT** is entitled to $6,000.00 in penalties, $8,450.00 in attorney fees and one additional week of comp in the amount of $272.67, which settles all penalties and attorney fees which may have been raised as of August 16, 2010.

In September 2011, Mr. Morvant filed a Motion for Penalties and Attorney Fees, claiming several infractions of the Consent Judgment. Mr. Morvant claimed that Shop Rite failed to properly pay in accordance with the judgment. He also claimed that Shop Rite erroneously denied authorization for epidural steroid injections and EMG/nerve conduction studies.

After a trial on the merits, the WCJ found in Mr. Morvant's favor. Specifically, she assessed a $2,000.00 penalty pursuant to La.R.S. 23:1201(F) for Shop Rite's failure to authorize epidural steroid injections for Mr. Morvant and a $3,000.00 penalty for Shop Rite's failure to authorize EMG/nerve conduction

2

studies of Mr. Morvant's upper extremities. She also assessed a $3,000.00 penalty pursuant to La.R.S. 23:1201(G) for Shop Rite's failure to pay legal interest on back due compensation and underpayment of $1.00 in sums due in the judgment. Finally, the WCJ awarded $3,500.00 in attorney fees to Mr. Morvant. Both parties appeal.

## III.

## LAW AND DISCUSSION

### Standard of Review

The WCJ's findings of fact are reviewed under the "manifest error" or "clearly wrong" standard. *Dean v. Southmark Const.*, 03-1051, p. 7 (La. 7/6/04), 879 So.2d 112, 117. We cannot disturb the WCJ's findings of fact as long as they are reasonable and supported by the record. *Id.* The WCJ's findings as to whether the claimant has met his burden of proof are factual and cannot be disturbed on review unless clearly wrong or manifestly erroneous. *Stutes v. Koch Services, Inc.*, 94-782 (La.App. 3 Cir. 12/7/94), 649 So.2d 987, *writ denied*, 95-846 (La. 5/5/95), 654 So.2d 335.

### Failure to Approve Epidural Injections

Concluding that the epidural steroid injections were "reasonable and necessary treatment," as outlined by the Consent Judgment, the WCJ awarded a $2,000.00 penalty for Shop Rite's failure to approve the steroid injections. We agree that the epidural injections were a reasonable and necessary treatment covered by the Consent Judgment. Epidural steroid injections have become commonplace in treatment of injuries such as Mr. Morvant's. To argue, as Shop Rite does, that even though the issue of steroid injections was discussed at trial, it must be specifically articulated in the Consent Judgment to be covered is legally

3

tenuous at best. Listing all contemplated medical treatment in a judgment is unreasonable and cumbersome. We refuse to place that burden on the parties or on the trial courts.

We also find no merit in Shop Rite's argument that imposition of penalties and attorney's fees for failure to authorize these treatments is barred by *res judicata*. Reasonable and necessary medical treatment was contemplated by the Consent Judgment, and Shop Rite's failure to authorize those treatments justifies the penalties for conduct occurring after the Consent Judgment.

Though we agree that Shop Rite should be penalized for its failure to authorize the epidural injections, we find error in the WCJ's methodology in assessing the penalty. Specifically, the WCJ erroneously applied La.R.S. 23:1201(F), rather than La.R.S. 23:1201(G).

Louisiana Revised Statutes 23:1201(G) provides as follows:

> If any award payable under the terms of a final, nonappealable judgment is not paid within thirty days after it becomes due, there shall be added to such award an amount equal to twenty-four percent thereof or one hundred dollars per day together with reasonable attorney fees, for each calendar day after thirty days it remains unpaid, whichever is greater, which shall be paid at the same time as, and in addition to, such award, unless such nonpayment results from conditions over which the employer had no control. No amount paid as a penalty under this Subsection shall be included in any formula utilized to establish premium rates for workers' compensation insurance. The total one hundred dollar per calendar day penalty provided for in this Subsection shall not exceed three thousand dollars in the aggregate.

In *Deshotel v. Carolyn's Wholesale Bait & Tackle*, 02-1148, p. 4 (La.App. 3 Cir. 3/5/03), 839 So.2d 1134, 1136, we stated:

> Several circuits, including this one, have held that Consent Judgments fall within the final, nonappealable judgments governed by 23:1201(G). *See Sanders v. Harrisonburg Nursing Home*, 95-114 (La.App. 3 Cir. 5/31/95); 657 So.2d 394, *writ denied*, 95-1629 (La.10/6/95); 661 So.2d 469, *Harrison v. Louisiana State Univ. Med. Ctr.*, 623 So.2d 707 (La.App. 4 Cir.1993),

> *Geason v. Harmony Constr.*, 95-367 (La.App. 5 Cir.
> 11/15/95); 665 So.2d 485.

Because this Consent Judgment falls within the confines of La.R.S. 23:1201(G),

we increase the penalty award from $2,000.00 to $3,000.00.

### Award of Penalty for Failure to Authorize EMG/Nerve Conduction Studies

The WCJ further found that Mr. Morvant was entitled to a penalty in

the amount of $3,000.00 for Shop Rite's failure to approve the EMG/nerve

conduction studies of Mr. Morvant's upper extremities. These tests were ordered

by Dr. Cobb in 2009 and again in 2010. In assessing a penalty, the WCJ reasoned

that these treatments were not new, were not treatments for future medical issues,

and were adequately covered by the Consent Judgment. We agree and affirm the

portion of the WCJ's judgment awarding a $3,000.00 penalty.

### Award of Penalties for Underpayment and Failure to Pay Legal Interest

In its judgment, the WCJ awarded a single $3,000.00 penalty for Shop

Rite's $1.00 underpayment of weekly compensation benefits and for its failure to

pay legal interest on back due weekly compensation. We find that the trial court

erred in not assessing two separate penalties, and we discuss each penalty in turn.

### *(1) Underpayment of $1.00*

In the Consent Judgment, Shop Rite was ordered to pay the amount of

$272.67 for one week of compensation. The record indicates that by check dated

September 3, 2010, Shop Rite paid Mr. Morvant $6,271.67. Of this amount,

$6,000.00 represented payment of penalties made due under the terms of the

judgment. The remaining sum, Shop Rite admits, should have been in the amount

of $272.67, $1.00 more than the check's amount. Shop Rite, however, argues in

brief that because the Consent Judgment gives the employer a credit for all benefits

paid to date, Shop Rite had overpaid; thus, no deficiency actually occurred.

Moreover, in oral argument, Shop Rite's counsel argued that it was "just $1.00," and Shop Rite, a judicious employer who always paid "on time," should not be penalized so harshly. Shop Rite's contentions both fail.

Shop Rite directs our attention to the pertinent section of the Consent Judgment which reads, "that as a result of his accident, **HERVEY MORVANT** is entitled to temporary total disability in the amount of $272.67 per week beginning March 29, 2010 subject to a credit for all weekly compensation payments." Shop Rite argues that it paid weekly benefits in advance. Thus, Shop Rite contends, on the day the check for sums due under the judgment was issued, an overpayment of more than $1.00 existed. Shop Rite considers this sum a "credit" which should have been applied against the $1.00 underpayment. We disagree.

As Mr. Morvant's counsel correctly points out, if we accept Shop Rite's argument, then we allow it to "rob Peter to pay Paul." The record reflects that the $1.00 shortage was never paid. The Consent Judgment does not provide for overpayment "credit"; instead, it gives credit for payments made. Shop Rite is not allowed to "bank" past payments to make up for future indiscretions.

Moreover, counsel's argument that because $1.00 is an insignificant amount, a penalty is not justified. Any violation of La.R.S. 23:1201(G), no matter how small the amount, warrants a penalty. In *Richard v. Coastal Culvert & Supply, Inc.*, 11-232, p. 4 (La.App. 3 Cir. 10/5/11), 76 So.3d 131, 133, *writ denied*, 11-2459 (La. 1/13/12), 77 So.3d 964, we awarded the claimant a $3,000.00 penalty where the employer shorted the claimant $.90, and we stated:

> Here, while we recognize that the underpayment of ninety cents seems like an insubstantial amount, the penalty assessed in La.R.S. 23:1201(G) is *mandatory*, and the statute makes no distinction between small infractions versus large infractions where the employer fails to pay the full amount of a judgment. As indicated, in order to avoid a penalty under La.R.S. 23:1201(G), the employer must show that the underpayment is due to a condition beyond the employer's control.

6

Nothing indicates that Shop Rite's underpayment was beyond its control. Thus, a $3,000.00 penalty as provided by La.R.S. 23:1201(G) is warranted and assessed against Shop Rite.

*(2)* ***Failure to Pay Legal Interest***

In addition to the payment of one week of compensation, the Consent Judgment also required that Shop Rite increase Mr. Morvant's weekly compensation rate from $214.08 to $272.67. The record indicates that Shop Rite made payment for back due weekly compensation benefits in the amount of $1,347.57. Shop Rite, however, failed to pay legal interest on the back due weekly benefits. This failure entitles Mr. Morvant to a $3,000.00 penalty, as provided by La.R.S. 23:1201(G).

Legal interest on workers' compensation payments is mandated by statute. Indeed, La.R.S. 23:1201.3(A) states, in pertinent part:

> Any compensation awarded and all payments thereof directed to be made by order of the workers' compensation judge shall bear judicial interest from the date compensation was due until the date of satisfaction. The interest rate shall be fixed at the rate in effect on the date the claim for benefits was filed with the office of workers' compensation administration.

Shop Rite does not dispute that it failed to pay legal interest, but it argues that Mr. Morvant "waived" his entitlement to legal interest because the consent judgment was silent on the issue. The first circuit, in *Matthews v. VIP International, Inc.*, 99-1632, pp. 6-7 (La.App. 1 Cir. 6/23/00), 762 So.2d 1152, 1156, stated, "[b]ecause La. R.S. 23:1201.3 uses mandatory language, an award of legal interest is not discretionary with the WCJ." Moreover, "the interest attaches automatically until the judgment is satisfied, whether prayed for in the petition or mentioned in the judgment." *Id.* Thus, silence in the Consent Judgment cannot be interpreted as a waiver of an award of interest.

7

Shop Rite attempts to circumvent this jurisprudence by arguing that the consent judgment is not a "judgment" at all but rather an "approval" by the WCJ. Shop Rite's argument is without merit. In contrast to *Hunter v. Maximum Group Behavioral Services, Inc.*, 10-930 (La.App. 4 Cir. 3/16/11), 61 So.3d 735, cited by Shop Rite in support of its position, the parties here entered into a Consent Judgment, not a Settlement Agreement. The distinction is critical because a Consent Judgment, such as the one in this case, is, indeed, a final, non-appealable judgment. *See Deshotel*, 839 So.2d 1134; *but see also Trahan v. Coca Cola Bottling Co. United, Inc.*, 04-100 (La. 3/2/05), 894 So.2d 1096 (holding that settlement agreement was a compromise that constituted a confession of judgment and compromise was a final, non-appealable judgment). Thus, we assess a penalty of $3,000.00 against Shop Rite for its failure to pay legal interest on the back due weekly compensation benefits.

**Attorney Fees**

Shop Rite appeals the award of $3,500.00 in attorney fees to Mr. Morvant, and Mr. Morvant's counsel requests additional attorney fees for work done on appeal.

"Awards of attorney fees in workers' compensation cases are essentially penal in nature, and are intended to deter indifference and undesirable conduct by employers and insurers toward injured employees." *Smith v. Quarles Drilling Co.*, 04-179, p. 6 (La. 10/29/04), 885 So.2d 562, 566. In *Jones v. Universal Fabricators*, 99–1370, pp. 10–11 (La.App. 3 Cir. 2/9/00), 758 So.2d 856, 862–63, *writ denied*, 00–742 (La. 5/12/00), 762 So.2d 13, this court articulated the importance of compensating attorneys in workers' compensation cases:

> We emphasize that adequate [attorney] fees in workers'
> compensation cases is the basis for an injured employee

8

obtaining effective counsel. La.R.S. 23:1221, which authorizes [attorney] fees, encourages the retention of effective counsel by an employee who is injured, unemployed and unable to pay for capable representation.

It is evident that an employee in workers' compensation cases by definition is placed in a disadvantageous position. The employee is injured, unemployed and often totally lacking in financial resources. In contrast, the employer has the financial means to obtain attorneys to prepare and argue its case. The primary purpose of workers' compensation is to protect injured employees from impoverishment. If an employee is arbitrarily deprived of benefits, the attorney who litigates on his behalf and is successful at showing arbitrary and capricious conduct on the part of the employer, has aided not only his client but also the administration of the workers' compensation system. This work is very important as it helps discourage others who might seek to further their own economic fortune at the expense of persons injured in their employ.

Here, we find that Shop Rite egregiously denied payment for treatment that was contemplated by the Consent Judgment, causing Mr. Morvant to seek recourse from the WCJ. Thus, we affirm the WCJ's grant of $3,500.00 in attorney fees. We also award an additional $3,000.00 to Mr. Morvant's counsel for defending his client's case in this appeal. We decline, however, to award additional attorney fees for Mr. Morvant's own appeal in this matter. *See Reeves v. Great Atl. & Pac. Tea Co., Inc.*, 370 So.2d 202 (La.App. 3 Cir.), *writs denied*, 371 So.2d 835 and 372 So.2d 568 (La.1979).

IV.

**CONCLUSION**

For the reasons articulated above, we amend and affirm the judgment of the trial court. Specifically, we increase the penalty for failure to authorize epidural steroid injections from $2,000.00 to $3,000.00, pursuant to La.R.S. 23:1201(G). We award two separate $3,000.00 penalties, pursuant to La.R.S.

9

23:1201(G), for Shop Rite's underpayment of $1.00 and for its failure to pay legal interest. Finally, we affirm the portions of the WCJ's judgment awarding a $3,000.00 penalty for Shop Rite's failure to authorize EMG/nerve conduction studies and awarding attorney fees in the amount of $3,500.00. We award an additional $3,000.00 in attorney fees to Mr. Morvant for his counsel's work in defending Shop Rite's appeal. Costs of this appeal are assessed against Shop Rite, Inc.

**AFFIRMED AS AMENDED.**