# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

# 25-256

VEDA NICHOLAS

VERSUS

RAYMOND LABORDE
CORRECTIONAL CENTER

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 2
PARISH OF AVOYELLES, NO. 21-05130
DONA RENEGAR, WORKERS' COMPENSATION JUDGE

**********

## JONATHAN W. PERRY
## JUDGE

**********

Court composed of Shannon J. Gremillion, Candyce G. Perret, and Jonathan W. Perry, Judges.

**REVERSED.**

**Liz Murrill**
**Attorney General**
**Karen D. Murphy**
**Assistant Attorney General**
**Louisiana Department of Justice**
**1885 North Third Street, 3rd Floor**
**Baton Rouge, Louisiana 70802**
**(225) 326-6300**
**COUNSEL FOR DEFENDANT/APPELLANT:**
 **State of Louisiana, through the Department of Public Safety**
 **and Corrections, Raymond Laborde Correctional Center**


**David E. Boraks**
**Assistant Attorney General**
**Louisiana Department of Justice**
**900 Murray Street, Suite B-100B**
**Alexandria, Louisiana 71301**
**(318) 487-5944**
**COUNSEL FOR DEFENDANT/APPELLANT:**
 **State of Louisiana, through the Department of Public Safety**
 **and Corrections, Raymond Laborde Correctional Center**


**Jacqueline K. Becker**
**Galloway Jefcoat, L.L.P.**
**Post Office Box 61550**
**Lafayette, Louisiana  70596**
**(337) 984-8020**
**COUNSEL FOR CLAIMANT/APPELLEE:**
 **Veda Nicholas**

**PERRY, Judge.**

In this workers' compensation case, the issue before us is whether penalties and attorney fees were rightfully awarded under La.R.S. 23:1201(G) for failure to timely pay court costs. For the following reasons, we reverse.

## FACTUAL AND PROCEDURAL BACKGROUND

Veda Nicholas ("Claimant") sustained injury to her ankle and leg while in the course and scope of her employment as a correctional officer at the Raymond Laborde Correctional Center in August 2021. Claimant instituted this proceeding in September 2021 against the State of Louisiana through the Department of Public Safety and Corrections ("Defendant").

The parties entered a consent judgment reflecting Claimant's right to indemnity and medical benefits. Defendant filed a contested motion to dismiss with prejudice, which the workers' compensation judge ("WCJ") granted. Claimant appealed.[1] In *Nicholas v. Raymond Laborde Correctional Ctenter*, 24-47, p. 11 (La.App. 3 Cir. 10/2/24), 395 So.3d 982, 990, a panel of this court reversed the WCJ's judgment and, in conclusion, decreed, "Costs of this proceeding are assigned to Defendant/Appellee, State of Louisiana through the Department of Public Safety and Corrections, Raymond Laborde Correctional Center in the amount of $763.20."

On February 3, 2025, a Motion and Order for Penalties and Attorney Fees was filed, alleging: "As of this date, [Claimant] has not been reimbursed her appeal costs paid as ordered in the Judgment." Claimant requested penalties and attorney fees pursuant to La.R.S. 23:1201(G) "as a result of [Defendant's] failure to pay in accordance with the Judgment signed October 2, 2024."

---

[1] The only issue before this court at that time was whether a workers' compensation claim could be dismissed with prejudice following entry of a consent judgment.

Opposing the motion, Defendant argued, "Contrary to Claimant's assertion, this [court's] judgment did not award these costs to Claimant. Rather, it assigned the costs of the appellate proceedings to Defendant." In addition, Defendant alleged the court costs had been timely paid to the Office of Workers' Compensation ("OWC"). According to Defendant, a check dated October 7, 2024, for $763.20 had been issued to the OWC by its third party administrator, Sedgwick Claims Management Services ("Sedgwick"). The check then was sent via certified mail to the OWC on October 16, 2024, with delivery on October 21, 2024.[2]

Defendant alternatively argued that court costs are not a workers' compensation benefit for which La.R.S. 23:1201(G) contemplates an award of penalties and attorney fees. Defendant contended penalties and attorney fees are sanctioned only if the employer fails to provide medical or indemnity benefits or fails to timely satisfy a judgment ordering that these benefits be provided. *See* La.R.S. 23:1201 and La.R.S. 23:1201.1. For the sake of argument, Defendant asserted that even if La.R.S. 23:1201(G) would authorize penalties and attorney fees for court costs, Claimant would still need to show that Defendant was arbitrary, capricious, or unreasonable in some way.[3] Defendant additionally insisted that the court costs in the prior appeal were timely paid as this court ordered; Claimant had provided no proof that she paid court costs; and only after a check had already been issued and mailed to the OWC did Claimant demand that Defendant pay court costs directly to her.

---

[2] The evidence in this matter contains the certified mail receipt, or green card, confirming these mailing and delivery dates.

[3] To avoid a penalty under La.R.S. 23:1201(G), the employer must show that the nonpayment is due to a condition beyond the employer's control. The arbitrary and capricious standard applies to a penalty assessed under subsection I of La.R.S. 23:1201.

At the hearing in this matter, Claimant's documentary evidence revealed that a Notice of Estimate of Appeal Charges was issued by the OWC on December 20, 2023, instructing Claimant to send three separate checks to the OWC totaling $697.20[4]:  one in the amount of $150.00 made payable to a court reporter; one in the amount of $340.00 made payable to this court; and one in the amount of $207.20 made payable to the OWC.  On January 18, 2024, three separate checks were issued to the OWC from an account belonging to counsel for Claimant's law firm.[5]  Also included in Claimant's documentary evidence were:  emails on October 17 and 18, 2024, between counsel for Claimant and defense counsel—Defendant gave notice that court costs had been sent to the OWC, to which counsel for Claimant replied, requesting that Defendant pay court costs to Claimant; and a check dated January 24, 2024,[6] written by Claimant to her counsel's law firm, as reimbursement for her appeal costs.

Following a hearing on March 6, 2025, the WCJ granted Claimant's request for penalties and attorney fees, explaining, in relevant part:

> I'm going to find that the costs assessed by the Third Circuit were an award.  And I base that on code of civil procedure article 1920,[7]

---

[4] The record in the prior appeal includes a cost letter that reflects a $66.00 fee for "Workers' Compensation Costs Prior to the Appeal," which explains the difference between the amount requested by the OWC, $697.20, and the amount assigned by this court, $763.20.

[5] On February 18, 2024, a fourth check was issued to OWC in the amount of $50.00 from an account belonging to counsel for Claimant's law firm.  This check contained the notation, "Filing fees/Mtn to Ext Ddln[.]"

[6] Defendant alleges no proof was provided showing Claimant had in fact paid the appeal costs until a copy of this check was attached to Claimant's Reply Memorandum in Support of Motion for Penalties and Attorney Fees.  We note the certificate of service signed by Claimant's counsel is dated March 5, 2025, one day before the hearing was held in this matter.

[7] Louisiana Code of Civil Procedure Article 1920 states, "Unless the judgment provides otherwise, costs shall be paid by the party cast, and may be taxed by a rule to show cause.  Except as otherwise provided by law, the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable."

3

which provides that all costs shall be paid by the party cast and may be taxed by a rule to show cause.

So I'm going to find that court costs are an award under a judgment. And in this case I'm going to find that the judgment was not paid timely. It should have been paid to Ms. Nicholas within 30 days of the judgment becoming final and non-appealable.

The resulting judgment of March 18, 2025, ordered Defendant to pay Claimant "$763.20 in court costs, $3,000.00 in penalties[,] and $1,500.00 in attorney[] fees for its failure to timely pay the Judgment awarding costs in the amount of $763.20, with all amounts owed to bear interest at the statutory rate from the date of this Judgment until paid."

This suspensive appeal by Defendant followed. Claimant has answered Defendant's appeal, seeking additional attorney fees for work done at the appellate level.

## ASSIGNMENTS OF ERROR

Defendant advances two assignments of error:

1. The OWC was manifestly erroneous in finding that DPSC failed to timely pay an award under a final, non-appealable judgment and in awarding Ms. Nicholas penalties and attorney[] fees.

2. The OWC committed legal error when it determined that an assessment of costs by this [c]ourt in the prior appeal was an "award" under [La.R.S.] 23:1201(G).

In answer to Defendant's appeal, Claimant requests additional attorney fees for all work done in answering and defending this appeal.

## APPELLANT'S ARGUMENTS

Defendant argues the WCJ manifestly erred in determining that it failed to timely pay court costs. Thus, Defendant contends La.R.S. 23:1201(G) was not triggered and the awards of penalties and attorney fees are clearly wrong.

4

Defendant also argues there is no authority under La.R.S. 23:1201(G) to award penalties and attorney fees for failure to pay court costs. Thus, Defendant contends the WCJ legally erred in determining that La.R.S. 23:1201(G) applies to an assessment of court costs.

## APPELLEE'S POSITION

Claimant argues it is undisputed that she was not paid or reimbursed her appeal costs until the time of the hearing on March 6, 2025. She contends that penalties and attorney fees are mandatory and were properly assessed under La.R.S. 23:1201(G) for Defendant's failure to pay a final, non-appealable judgment.

## LAW AND DISCUSSION

The issue before this court is whether La.R.S. 23:1201(G) mandates penalties and attorney fees for failure to pay court costs. As this is purely a legal question, involving the proper interpretation of a statute, not facts or discretion, we review this ruling under the de novo standard of review. *Carver v. La. Dep't of Pub. Safety*, 17-1340 (La. 1/30/18), 239 So.3d 226 (citing *La. Mun. Ass'n v. State*, 04-227 (La. 1/19/05), 893 So.2d 809).

Louisiana Revised Statutes 23:1020.1 explicitly sets forth the purpose and legislative intent of Louisiana's workers' compensation laws. The purpose is three-fold:

> (1) To provide for the timely payment of temporary and permanent disability benefits to all injured workers who suffer an injury or disease arising out of and in the course and scope of their employment as is provided in this Chapter.
>
> (2) To pay the medical expenses that are due to all injured workers pursuant to this Chapter.
>
> (3) To return such workers who have received benefits pursuant to this Chapter to the work force.

5

La.R.S. 23:1020.1(B). The legislature intended "[t]hat the Louisiana Workers' Compensation Law is to be interpreted so as to assure the delivery of benefits to an injured employee in accordance with this Chapter" and "[t]o facilitate injured workers' return to employment at a reasonable cost to the employer." La.R.S. 23:1020.1(C).

Penalties and attorney fees in workers' compensation matters are governed by La.R.S. 23:1201(G), which provides:

> If any award payable under the terms of a final, nonappealable judgment is not paid within thirty days after it becomes due, there shall be added to such award an amount equal to twenty-four percent thereof or one hundred dollars per day together with reasonable attorney fees, for each calendar day after thirty days it remains unpaid, whichever is greater, which shall be paid at the same time as, and in addition to, such award, unless such nonpayment results from conditions over which the employer had no control. No amount paid as a penalty under this Subsection shall be included in any formula utilized to establish premium rates for workers' compensation insurance. The total one hundred dollar per calendar day penalty provided for in this Subsection shall not exceed three thousand dollars in the aggregate.

"Awards of penalties and attorney fees in workers' compensation cases are essentially penal and are imposed to deter indifference and undesirable conduct by employers and their insurers toward injured workers." *Ortega v. Cantu Servs., Inc.*, 19-202, p. 9 (La.App. Cir. 10/23/19), 283 So.3d 1024, 1032.

Louisiana Revised Statutes 23:1317(B) governs court costs in workers' compensation cases, stating:

> Costs may be awarded by the workers' compensation judge, in his discretion, and when so awarded the same may be allowed, taxed, and collected as in other civil proceedings. The fees of expert witnesses shall be reasonable and fixed in the original judgment. The judgment rendered shall have the same force and effect and may be satisfied as a judgment of a district court.

"In its application of La.R.S. 23:1317(B), the jurisprudence has uniformly held that the allocation of court costs lies within the workers' compensation judge's discretion

and can be reversed only upon a showing of an abuse of that discretion." *Ortega*, 283 So.3d at 1033.

The state is generally exempt from having to advance court costs. *See* La.R.S. 13:4521. However, an exception to the general rule exists in La.R.S. 13:5112, which provides, in relevant part:

> A. In any suit against the state or any department, board, commission, agency, or political subdivision thereof, the trial or appellate court, after taking into account any equitable considerations as it would under Article 1920 or Article 2164[8] of the Code of Civil Procedure, as applicable, may grant in favor of the successful party and against the state, department, board, commission, agency, or political subdivision against which judgment is rendered, an award of such successful party's court costs under R.S. 13:4533 and other applicable law as the court deems proper but, if awarded, shall express such costs in a dollar amount in a judgment of the trial court or decree of the appellate court.

Thus, La.R.S. 13:5112(A) commands that costs be assessed to the state in favor of the prevailing party, but such costs must be given in a specific dollar amount in the final judgment or decree. In the prior appeal, the rule of La.R.S. 13:5112(A) was followed when a panel of this court ruled, "Costs of this proceeding are assigned to Defendant/Appellee, State of Louisiana through the Department of Public Safety and Corrections, Raymond Laborde Correctional Center in the amount of $763.20." *Nicholas*, 395 So.3d at 990.

In this matter, Claimant equates our allocation of court costs as an award which Defendant was required to pay to her within thirty days—failure to reimburse

---

[8] Louisiana Code of Civil Procedure Article 2164 provides:

> The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. The court may award damages, including attorney fees, for frivolous appeal or application for writs, and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable.

court costs. Claimant contends the WCJ rightly imposed penalties and attorney fees because this court's October 2, 2024 judgment assigned costs to Defendant. Claimant argues La.R.S. 23:1201(G) applies since the penalty was sought for Defendant's failure to pay a final judgment. In support of her contention, Claimant points to three cases: *Richard v. Coastal Culvert & Supply, Inc.*, 11-232 (La.App. 3 Cir. 10/5/21), 76 So.3d 131, *writ denied*, 11-2459 (La. 1/13/12), 77 So.3d 964; *Morvant v. Shop Rite, Inc.*, 12-956 (La.App. 3 Cir. 2/6/13), 108 So.3d 1287, *writ denied*, 13-933 (La. 5/31/13), 118 So.3d 400; and *Lummus v. Shoney's*, 99-90 (La.App. 5 Cir. 6/1/99), 738 So.2d 117. We disagree.

In *Richard*, 76 So.3d 131, this court reversed the OWC's denial of penalties and attorney fees, under La.R.S. 23:1201(G), finding the employer had improperly underpaid an expense item related to a work-related knee injury. In *Morvant*, 108 So.3d 1287, this court assessed a penalty under La.R.S. 23:1201(G) for the employer's failure to pay legal interest, which is a mandated award under La.R.S. 23:1201.3(A). In *Lummus*, 738 So.2d 117, our colleagues on the fifth circuit affirmed a penalty under La.R.S. 23:1201(G), finding the employer was arbitrary and capricious in failing to pay costs owed under a judgment upon request by the claimant.

We find the cases relied upon by Claimant are not dispositive of the specific issue in this case. Simply put, they fail to establish La.R.S. 23:1201(G) mandates penalties and attorney fees for failure to pay court costs. Furthermore, we find no statutory or jurisprudential authority for assessing penalties and attorney fees under La.R.S. 23:1201(G) for Defendant's failure to pay court costs to Claimant. The WCJ's judgment assessing penalties and attorney fees is reversed.

Lastly, the OWC received $763.20 from Defendant on October 21, 2024, nineteen days after this court's judgment in the prior appeal. The WCJ confirmed this by issuing an Order Releasing Appellate Costs on March 11, 2025, which acknowledges "that on October 21, 2024, the [OWC] received a check in the amount of $763.20 from Sedgwick[.]" The WCJ further pronounced that Defendant "has been ordered to pay the $763.20 in appellate costs directly to [Claimant], [Defendant] should be refunded the $763.20 appellate costs paid to the [OWC,] . . . and the funds should be released." In conclusion, the WCJ ordered "that the [OWC] shall refund the appellate costs in the amount of $763.20 payable to . . . and mailed directly to [Sedgwick.]"

"When a law is clear and unambiguous and its application does not lead to absurd consequences, the law must be applied as written, and no further interpretation may be made in search of the legislative intent. La. C.C. art. 9; La. R.S. 1:4." *Hartman v. St. Bernard Par. Fire Dep't & Fara*, 20-693, p. 9 (La. 3/24/21), 315 So.3d 823, 829. Louisiana Revised Statutes 23:1201(G) is a penal statute and, therefore, it "is to be strictly construed in favor of the party against whom the sanctions are sought." *Silk v. Silk*, 29,864 (La.App. 2 Cir. 9/24/97), 699 So.2d 1175.

Court costs are not explicitly included as an award under La.R.S. 23:1201(G). Without such language, interpreting La.R.S. 23:1201(G) to mandate penalties and attorney fees for the failure to pay court costs in this matter would lead to the absurd consequence of rewarding strategy over professionalism. *See Zinn v. Zagis, USA, LLC*, 20-971 (La. 12/22/20), 307 So.3d 193 (especially the dissenting and concurring opinions).

9

*Answer to Appeal*

Claimant requests attorney fees for work done on appeal. Generally, a workers' compensation claimant is entitled to an increase in attorney fees to reflect additional time incurred in defending the employer's unsuccessful appeal. *Ryan v. Cajun Indus., L.L.C.*, 20-617 (La.App. 3 Cir. 11/3/21), 330 So.3d 324. However, in light of our reversal of the judgment before us, the relief requested by Claimant in her answer to appeal is denied.

## DECREE

For the foregoing reasons, the March 18, 2025 judgment is reversed. Each party shall bear her/its own costs of this appeal. Pursuant to La.R.S. 13:5112(A), Defendant/Appellant, State of Louisiana through the Department of Public Safety and Corrections, Raymond Laborde Correctional Center, is assigned costs in the amount of $240.00.

**REVERSED.**